Nos.  83,513
83,598
83,599

ELIZABETH GESSNER, DEBORAH DABNEY, and ALICE SMITH, *Appellants,* v. PHILLIPS COUNTY COMMISSIONERS, PHILLIPS COUNTY EMS DIRECTOR JAYNE CUNNINGHAM, and JANELL D. NOONE, *Appellees.*

(11 P.3d 1131)

Opinion filed October 27, 2000.

*Dwight A. Corrin,* of Dwight A. Corrin, Chtd., of Wichita, argued·the cause and was on the brief for appellants.

*Allen G. Glendenning,* of Watkins, Calcara, Rondeau, Friedman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

LARSON, J.: This appeal raises the question of whether injured parties can fail within the applicable statute of limitations period to make a proper claim against a municipality pursuant to K.S.A. 12-105b, but have this failure cured by the application of the savings statute, K.S.A. 60-518. We hold that they may not.

The three separate consolidated actions involved in this appeal arise out of an automobile accident occurring in Graham County, wherein the vehicle in which the appellants (Elizabeth Gessner, Deborah Dabney, and Alice Smith) were occupying was struck by an ambulance belonging to Phillips County. This motor vehicle accident occurred on June 6, 1995.

Suits were filed within 2 years from this date by each of the appellants in this matter, but the actions were dismissed by the trial court for lack of jurisdiction on October 23, 1998, because no notice to the municipality as required by K.S.A. 12-105b had been given prior to filing the suits.

After the dismissal, claims were promptly mailed to Phillips County to comply with the requirements of K.S.A. 12-105b and the actions now on appeal before us were commenced. Appellants contend their actions are timely because the savings statute provisions of K.S.A. 60-518 operate to extend the time in which the requisite notice of K.S.A. 12-105b is required to be given.

The trial court in its ruling sustaining the defendant's motions to dismiss found:

"1. Where it is applicable, K.S.A. 12-105b(d) must be complied with within the original limitation-period.

"2. In this case, the applicable statute of limitations is two years. Plaintiff did not comply with K.S.A. 12-105b(d) within two years after the accident, which is the subject of this action.

"3. Since the plaintiff did not comply with K.S.A. 12-105b(d) within the limitation-period, the 'saving' provision of K.S.A. 60-518 is not applicable.

"4. Plaintiff's claims are, therefore, barred by the applicable statute of limitations and must be dismissed."

The three plaintiffs appeal, and the case was transferred to our court pursuant to K.S.A. 20-3018(c).

The appellants' sole issue is, does K.S.A. 60-518, the savings statute, require the original tort claims letter sent to a municipality under K.S.A. 12-105b(d) to be mailed within the applicable statute of limitations?

The principle argument in support of appellants' contention that the savings statute should apply in this case is that their first suits were not dismissed on the merits and, therefore, the savings statute applies and brings life into their later filed actions.

The appellees strongly disagree with the argument that the outcome depends on whether the original dismissal was on the merits and contend the pivotal question is whether the first actions were commenced in due time, as required by K.S.A. 60-518, when no notice of claim pursuant to K.S.A. 12-105b was filed within the

applicable period of limitations. It is the appellees' contention that K.S.A. 60-518 by its own terms cannot operate to save or revive a dismissed cause of action unless the original dismissed action was first "commenced within due time."

We first set forth the provisions of the two statutes involved. K.S.A. 12-105b(d) in applicable part states:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection *before commencing such action.* . . . In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. . . . Once notice of the claim is filed, *no action shall be commenced* until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. . . . *No person may initiate an action against a municipality unless the claim has been denied in whole or part.* Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection." (Emphasis added.)

K.S.A. 60-518 has not been amended since its enactment in 1963 and reads as follows:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

Our scope of review is stated in *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996) in the following manner: "The interpretation and application of a statute of limitations is a question of law for which the court's review is unlimited." *Martindale v. Tenney*, 250 Kan. 621, 634, 829 P.2d 561 (1992). Likewise, the court's review of conclusions of law is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

Our analysis reaches the ultimate issue which presents the question of whether the initial actions were "commenced" and whether this was "within due time" as K.S.A. 60-518 specifically requires.

We have set forth above the specific wording of K.S.A. 12-105b(d) that "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection *before commencing such action.*" (Emphasis added.) The plain meaning of this provision is that a written notice must be filed before suit can be commenced. In our case, the written notice was not delivered to defendants until October and November of 1998, and with the accident occurring June 6, 1995, it is clear that the plaintiffs' lawsuits were not commenced until well after the 2-year period of limitations.

K.S.A. 12-105b(d) additionally provides that once a claim is filed, no action can be commenced until the municipality denies the claim, because of the following wording: "Once notice of the claim is filed, no action shall be *commenced* until after the claimant has received notice from the municipality that it has denied the claim." (Emphasis added.) Later language in the statute states: "No person may *initiate an action* against a municipality unless the claim has been denied in whole or part." (Emphasis added.) This expresses a clear legislative intent to disallow the commencement of any actions prior to the filing of the requisite notice. We view the language relating to the initiation of an action and the commencement of an action as being synonymous.

While the stated wording of K.S.A. 12-105b(d) is determinative, we also look to the legislative history as to what was intended to be cured by the enactment of this subsection. The largest contributor to the amendment in question was the League of Kansas Municipalities, more specifically the League's Task Force on Tort Reform. Their recommendation pertaining to the current subsection (d) of K.S.A. 12-105b was as follows: "[R]equire written notice of claims by persons alleging injury from acts of municipalities as a jurisdictional prerequisite to commencing a lawsuit under the [Kansas Tort Claims] Act." Minutes of the House Judiciary Committee, February 5, 1987, Hearing on H.B. 2023.

The recent Court of Appeals case of *Zefferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 382, 988 P.2d 263 (1999), restates our longstanding rule: "The filing of a proper no-

tice under 12-105b(d) is a condition precedent to the filing of an action against a municipal corporation such as Shawnee County." And, as stated in *James v. City of Wichita*, 202 Kan. 222, 225, 447 P.2d 817 (1968): "Compliance with the statute [K.S.A. 12-105b] remains a condition to be met before a claim for relief against a city may be maintained. A party who fails to file the statutory statement is *not entitled to relief.*" It is clear that the legislature intended that failure to provide the appropriate notice must be construed to preclude claimants from commencing a legal action. The failure to file a claim against a municipality, pursuant to K.S.A. 12-105b, is not cured by the application of the savings statute, K.S.A. 60-518.

We can reach no other conclusion but that the plaintiffs' actions were not commenced until well beyond the applicable 2-year period of limitations and the trial court correctly entered orders of dismissal of all three cases.

Affirmed.