No. 105,876

LINDA L. SLEETH and SCOTT A. SLEETH, *Appellants*, v. SEDAN CITY HOSPITAL and DAVID SHORT, *Appellees*.

(317 P.3d 782)

Opinion filed February 7, 2014.

*G. Thomas Harris*, of Harris Law Office, of Sedan, argued the cause and was on the brief for appellants.

*Blake Hudson*, of Hudson & Mullies, L.L.C., of Fort Scott, argued the cause and was on the briefs for appellees.

*Teresa L. Watson* and *David L. Cooper*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, were on the brief for *amici curiae* Kansas Association of Defense Counsel and Kansas Association of Counties.

The opinion of the court was delivered by

BILES, J.: In this wrongful death case against a municipal hospital and its employee, we must resolve widely conflicting opinions by the lower courts regarding whether written notice of the claim was given to the hospital as required before suit was filed. See K.S.A. 2012 Supp. 12-105b(d). The district court dismissed the lawsuit for lack of jurisdiction based on its determination that plaintiffs failed to comply with the statute. A fractured Court of Appeals panel reinstated the claim, but the panel majority disagreed as to the rationale for that outcome in *Sleeth v. Sedan City Hospital*, No. 105,876, 2012 WL 402018 (Kan. App. 2012) (unpublished opinion). We granted review and now reverse the Court of Appeals on the issue subject to our review, affirming the district court's dismissal for lack of jurisdiction.

At issue is whether one or more letters to the hospital's administrator and an insurance carrier representative substantially complied with the statute as to content and manner of delivery. We have narrowed the issues somewhat and hold that substantial compliance with K.S.A. 2012 Supp. 12-105b(d) is not achieved when a claimant's notice fails to provide any statement of monetary damages. We hold further that the provision in K.S.A. 2012 Supp. 12-105b(d) giving a municipality 120 days to investigate and review a claim is a statutory condition precedent to filing a lawsuit and that a claimant's premature filing of a lawsuit leaves a court without subject matter jurisdiction.

In this case, even if we assume plaintiffs substantially complied with K.S.A. 2012 Supp. 12-105b(d) by May 2, 2010, which is the earliest date they provided the hospital with any statement of damages, the district court properly dismissed their case because they prematurely filed it.

## FACTUAL AND PROCEDURAL BACKGROUND

The tragic facts underlying this wrongful death claim are not dispositive to the issue involved. For our purposes, it is sufficient to understand that the case arose after the death of Christopher J. Johnson, a patient at Sedan City Hospital. His parents, Scott and Linda Sleeth, allege David Short, a hospital employee, punctured

Johnson's bowel while inserting a feeding tube, causing his death on August 7, 2008. The Sleeths sued the hospital and Short.

The district court found that Sedan City Hospital was a municipality as defined by K.S.A. 2012 Supp. 12-105a(a) because it was owned by the City of Sedan, Kansas. This meant the wrongful death claim was subject to the notice requirements of K.S.A. 2012 Supp. 12-105b(d) (not amended since 2004; claim arose in 2008). See K.S.A. 75-6115(a)(2) (the Kansas Tort Claims Act is applicable to claims against a hospital owned by a municipality and the employees thereof alleging a health care provider's failure to perform professional services). The district court dismissed the action early in the proceedings, concluding the Sleeths failed to comply with the K.S.A. 2012 Supp. 12-105b(d) notice requirements.

The Sleeths initially argued their claim arose out of contract, rather than tort. Both lower courts rejected that argument. See *Sleeth*, 2012 WL 402018, at *4 (an injured party may not proceed on a contract theory under a factual scenario that depicts negligent conduct to avoid notice requirements). The Sleeths have not sought review of that issue, so we do not consider it. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 172, 298 P.3d 1120 (2013) ("party aggrieved by a decision of the Court of Appeals on a particular issue must seek review in order to preserve the matter for Kansas Supreme Court review"); Supreme Court Rule 8.03(g)(1) (2013 Kan. Ct. R. Annot. 74).

The Sleeths contend here that they actually or substantially complied with K.S.A. 2012 Supp. 12-105b(d) through a letter to the hospital administrator or a series of letters sent to the hospital administrator and an insurance carrier representative. We review those letters first to frame the issues. We then consider the district court proceedings, the Court of Appeals decision, and our relevant caselaw.

*Communications Alleged to Constitute Notice*

On February 21, 2010, the Sleeths' attorney sent a letter to Michelle Williams, the Sedan City Hospital administrator, identifying himself as the attorney for the Sleeths in a "wrongful death claim against your hospital and others." The letter threatened suit

if a settlement could not be reached. It requested that Williams "forward this claim, in addition to all medical records relating thereto, to your claims manager or someone with authority to review and settle this matter." It also identified Short as a hospital employee and alleged Johnson died because of Short's negligent insertion of a feeding tube and the hospital staff's negligent failure to detect and repair the punctured bowel in a timely manner. The letter, however, did not include the Sleeths' address or any statement of the monetary damages sought—two content notice requirements expressly identified in K.S.A. 2012 Supp. 12-105b(d)(1) and (5).

On March 8, 2010, Jan Langgard, a medical liability analyst for the hospital's professional liability insurance carrier, responded by letter to the attorney's February 21 letter to Williams. Langgard requested an itemization of damages and enclosed authorization forms required to process the claim. Langgard also wrote that "[a]ny further correspondence regarding this matter should be directed to me."

On March 22, 2010, the Sleeths' attorney returned the forms and promised to provide "an itemization of appropriate damages or loss . . . in the near future."

On May 2, 2010, the Sleeths' attorney submitted another letter to Langgard specifying damages totaling $1,183,000 for "purposes of settlement only." Those damages included $900,000 for economic injury calculated from lost monthly disability benefits over a life expectancy of 50 years, $250,000 for "pain and suffering, grief and bereavement," and $33,000 for estimated medical, ambulance, and funeral expenses.

On August 2, 2010, the Sleeths filed their wrongful death action in Chautauqua County District Court. Normally, this timing would be adequate because the August 2 filing was 7 days before the 2-year statute of limitations expired. See K.S.A. 60-513(a)(5), (7) (wrongful death and medical malpractice actions must be brought within 2 years). But K.S.A. 2012 Supp. 12-105b(d) prohibits a plaintiff from commencing a lawsuit against a municipality "until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following

the filing of the notice of claim, whichever occurs first." The Sleeths' lawsuit was filed more than 120 days after the February 21 letter, but less than 120 days after the May 2 letter itemizing damages.

*District Court Proceedings*

The hospital and Short filed separate answers to the petition, enumerating as affirmative defenses that the Sleeths had "failed to file a notice of claim with defendant Sedan City Hospital prior to filing the lawsuit as required by K.S.A. 12-105 sub-section (d) and therefore the Court has no jurisdiction." The defendants also asserted a statute of limitations defense as a consequence of the Sleeths' alleged failure to file the necessary notice of claim as a condition precedent to filing suit.

A short time after filing their answers, the defendants submitted a joint motion to dismiss or for summary judgment, claiming the district court lacked subject matter jurisdiction because the Sleeths failed to serve the hospital with notice as required by law. In the defendants' statement of uncontroverted facts, they alleged in part that (1) Sedan City Hospital was a municipality as defined by K.S.A. 2012 Supp. 12-105a(a); (2) the hospital was governed by a board of trustees; and (3) no board member was served with notice of the claim. Affidavits accompanying the motion supported these allegations.

In response, the Sleeths generally denied the defendants' factual averments, alleging insufficient information to form a belief as to their truth. They further claimed they fully complied with the statutory notice requirements and argued the hospital administrator was a "de facto" clerk authorized to receive the notice. In the alternative, the Sleeths theorized that the May 2 letter to the liability insurer further evidenced substantial compliance. In essence, they claimed the February 21 and May 2 letters combined to provide the hospital and its agents "a clear indication" of the claim and fulfilled the notice statute's purposes.

In reply, the defendants admitted the letters were received but argued the letters did not comply with K.S.A. 2012 Supp. 12-105b(d). They asserted that the February 21 letter was deficient

because it was sent to the hospital administrator, who was not the clerk of the hospital board. In the alternative, they argued that even if notice could be sent to the hospital administrator, the letter nevertheless lacked a "statement of the amount of monetary damages that is being requested."

The defendants also disputed the Sleeths' alternative argument that the May 2 letter to the insurer could fulfill the statutory requirements. For one, they argued, the letter was sent to the hospital's insurer, not its clerk or governing body. Moreover, they argued, even if the insurer could be served with notice and the May 2 letter could be combined with the February 21 letter to fulfill the statute's content requirements, the Sleeths prematurely filed their lawsuit because less than 120 days had elapsed since the May 2 letter that provided the missing damages statement.

The district court granted the motion and dismissed the suit with prejudice as to both defendants. In its journal entry, it made six factual findings it deemed to be uncontroverted: (1) Short was a hospital employee; (2) Sedan City Hospital was a municipality as defined by statute; (3) Sedan City Hospital had no clerk but was governed by a board of trustees; (4) no board member was served notice of the wrongful death claim; (5) the February 21 letter to the hospital administrator did not contain any damages statement; and (6) the May 2 letter to the insurer itemized damages. The district court held that neither the administrator nor the insurer were the hospital's "clerk" as that term is used in the statute, so notice was not provided to the appropriate person or entity under the statute.

The district court also held that even if the combination of letters could be treated as supplying statutorily compliant notice, the lawsuit was premature because 120 days had not passed since the May 2 letter to the insurer, which supplied the missing information relating to the required statement of damages. Finally, the court concluded that without compliance with K.S.A. 2012 Supp. 12-105b(d), the statute of limitations for wrongful death had lapsed. The court dismissed the case.

The Sleeths timely appealed to the Court of Appeals, which reversed the district court. *Sleeth,* 2012 WL 402018, at *12.

*The Court of Appeals Decision*

All three panel members authored individual opinions in this multiple-issue case. Because of this anomaly, it is challenging to determine when Chief Judge Richard D. Greene (concurring) and Senior Judge J. Patrick Brazil (dissenting) diverged from Judge G. Gordon Atcheson's analysis regarding some sub-issues. But for purposes of this opinion, we will assume the other judges agreed with Judge Atcheson's analysis unless they explicitly stated otherwise or unless such an assumption would obviously contradict that judge's stated theory of the case.

The panel effectively outlined two differing theories for substantial compliance with the statute's notice and content requirements. Judge Atcheson's decision determined that the February 21 letter to the hospital administrator, taken in conjunction with the May 2 letter to the hospital's liability insurer, combined to substantially comply with the statute. 2012 WL 402018, at *4-7. Chief Judge Greene wrote separately, concluding that the initial February 21 letter to the hospital administrator was enough to substantially comply by itself. Judge Greene disputed whether any reference to damages, which was admittedly lacking in the February 21 letter, was required. 2012 WL 402018, at *12-15 (Greene, C. J., concurring).

Judge Atcheson stated that "[s]ome mention of damages or the value of the claim is essential to a notice compliant with K.S.A. [2012] Supp. 12-105b(d)." 2012 WL 402018, at *6. Chief Judge Greene disagreed, concluding under the facts of the case that the $250,000 cap on nonpecuniary wrongful death damages found in K.S.A. 60-1903 eliminated at least some uncertainty regarding the alleged damages. 2012 WL 402018, at *14 (Greene, C.J., concurring). He also concluded the absence of more specific information about damages would not have impeded the hospital's investigation and review of the claim's merits. 2012 WL 402018, at *14.

As to the requirement that a claimant provide the notice to the municipality's "clerk or governing body," the entire panel apparently agreed delivery to the hospital administrator substantially complied with that provision. It noted the hospital did not have a

clerk and interpreted Kansas caselaw to authorize "service of the notice on an officer or executive with similar standing or authority within the organization." 2012 WL 402018, at *5 (citing *Orr v. Heiman*, 270 Kan. 109, 114-15, 12 P.3d 387 [2000]). The panel concluded that "directing the February 21, 2010, letter to the hospital administrator satisfied the service requirement of K.S.A. [2012] Supp. 12-105b(d)." 2012 WL 402018, at *5.

As to the May 2 letter to the insurer, Judges Atcheson and Brazil apparently agreed the insurer, too, was a proper entity to receive notice under the facts of the case. Judge Atcheson adopted an agency theory to conclude that the insurer was authorized to receive the damages information missing from the first letter on the hospital's behalf because "the hospital, through its insurance carrier's representative, requested that further communications go to that representative. So delivery of the May 2, 2010, letter to the insurance representative conformed to the statutory requirements for service." 2012 WL 402018, at *5.

Regarding the 120-day statutory bar from filing suit after the notice of claim was delivered, Judge Atcheson reasoned this requirement related only to a personal jurisdiction defense, which was waived. See 2012 WL 402018, at *8-12. He conceded his view conflicted with that of another Court of Appeals panel that had found the 120-day review period involved subject matter jurisdiction, rendering it nonwaivable. See *Steed v. McPherson Area Solid Waste Utility*, 43 Kan. App. 2d. 75, 88-89, 221 P.3d 1157 (2010). But Judge Acheson argued the *Steed* panel did not focus on the legal nuances he perceived to be associated with the 120-day review period. *Sleeth*, 2012 WL 402018, at *11. And he further suggested the entire statute should be read to implicate only personal jurisdiction. 2012 WL 402018, at *8 ("[A] strong argument can be made that the lack of notice affects personal jurisdiction.").

Judge Atcheson then concluded defendants waived the 120-day review period as a defense because they did not explicitly raise it in their answers. 2012 WL 402018, at *9-10. He also implied defendants acted in bad faith by not including in their answers any mention of the 120-day bar to suit, which he speculated might have

allowed the Sleeths to remedy the premature filing problem without actual prejudice to the hospital. 2012 WL 402018, at *10-11.

Senior Judge Brazil dissented, focusing entirely on his opinion that the failure to comply with the 120-day review period implicated subject matter jurisdiction based on the "strong statutory language and the consistent outcomes of judicial opinions." 2012 WL 402018, at *17. He concluded the notice requirements could not be waived and criticized Judge Atcheson's analysis as encroaching on governmental immunity and legislative authority. 2012 WL 402018, at *16-17 (Brazil, S.J., dissenting).

The hospital and Short petitioned for review regarding the panel's differing interpretations of the notice/substantial compliance issues. The Sleeths did not cross-petition. We granted review under K.S.A. 20-3018(b) and obtained jurisdiction under K.S.A. 60-2101(b).

## ANALYSIS

The questions before this court specifically concern whether the Sleeths substantially complied with K.S.A. 2012 Supp. 12-105b(d) and, if not, what consequence results from that lack of compliance. The parties offer a progression of arguments—some stated in the alternative—for their respective positions.

The Sleeths' first theory is that the February 21 letter to the hospital administrator substantially complied with K.S.A. 2012 Supp. 12-105b. The defendants argue this letter was deficient in two regards: (1) It did not substantially comply with the requirement that the notice shall be filed with the clerk or governing body of the municipality; and (2) it did not supply all the necessary information, particularly a statement of damages.

In the alternative, the Sleeths argue the February 21 letter and the May 2 letter to the hospital's insurance carrier representative combined to substantially comply with K.S.A. 2012 Supp. 12-105b. The defendants acknowledge the May 2 letter contained a detailed statement of monetary damages, but they note neither letter was sent to the clerk or the hospital's governing body. And, the defendants continue that if the May 2 letter was needed to complete the statute's content requirements, the petition was filed prematurely

because the municipality's 120-day period for investigation and review had not expired. The defendants argue the premature filing deprived the district court of subject matter jurisdiction.

We agree that the February 21 letter did not substantially comply with the notice requirements because it lacked any statement of damages. This conclusion leaves us with the Sleeths' second theory—that the February 21 and May 2 letters combined to comply with K.S.A. 2012 Supp. 12-105b—but this alternative is lacking as well.

Even if we assume for the purpose of their argument that multiple writings can suffice to comply with the statute, and further assume the letters notified the proper persons or entities, we are still confronted with a premature filing because the 120-day period for investigation and review had not expired before the Sleeths filed their lawsuit. And we hold the review period cannot be waived because it is a condition precedent to filing suit that implicates a court's subject matter jurisdiction.

In taking this approach, we decide the case based on the uncontroverted facts without delving more deeply into other entanglements of the analysis, such as the contractual or apparent authority of the hospital administrator; the agency relationship, if any, between the hospital and its insurer; or whether the municipality waived the statutory notice requirement. See, *e.g.*, K.S.A. 2012 Supp. 80-2511(b) (hospital board authorized to contract for an administrator or chief executive officer "to manage the affairs of the hospital"); *Meara v. Douglas County*, No. 107,471, 2013 WL 310363, at *8-10 (Kan. App. 2013) (unpublished opinion) (distinguishing *Sleeth* because no evidence county waived statutory notice through an agent and holding no waiver could be legally effective under the statute); see also *Huehl v. Board of Lincoln County Comm'rs*, No. 107,907, 2013 WL 1729259, at *3-6 (Kan. App. 2013) (unpublished opinion) (insufficient to provide statutory notice to insurer or hospital administrator).

We leave those questions to future cases because this case can be decided on the basis of the premature filing. This approach also allows us to resolve the conflict between Court of Appeals panels over whether K.S.A. 2012 Supp. 12-105b(d) implicates subject

matter jurisdiction, as well as any ambiguity in this court's prior caselaw. Compare *Steed*, 43 Kan. App. 2d. at 88-89 (notice implicates subject matter jurisdiction) with *Sleeth*, 2012 WL 402018, at *9-12 (notice statute's review period implicates personal jurisdiction); see also *Sleeth*, 2012 WL 402018, at *7 (Supreme Court has been "opaque about the precise jurisdictional bar" arising from failure to provide sufficient notice).

*Standard of Review*

When the contents of the purported notice are uncontroverted, whether a plaintiff has substantially complied with K.S.A. 2012 Supp. 12-105b(d) involves only statutory interpretation, and, accordingly, is a question of law subject to de novo review. See *Continental Western Ins. Co. v. Shultz*, 297 Kan. 769, 774, 304 P.3d 1239 (2013); *Dodge City Implement, Inc. v. Board of Barber County Comm'rs*, 288 Kan. 619, 638, 205 P.3d 1265 (2009); *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 871, 127 P.3d 319 (2006).

*Compliance with the Statutory Content Requirements*

K.S.A. 2012 Supp. 12-105b(d) requires anyone bringing a claim against a municipality under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, to provide that municipality with prior written notice setting out the specific facts and circumstances giving rise to the claim. Notice is a prerequisite to filing an action against a municipality. Failure to substantially comply with the statute precludes a plaintiff from obtaining relief in district court. *Continental Western*, 297 Kan. at 774.

K.S.A. 2012 Supp. 12-105b(d) provides:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary

damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action."

Notably, K.S.A. 2012 Supp. 12-105b(d) references only claims against a municipality, but it does state the notice must contain the name and address of any "public officer or employee involved" in such a claim. In this case, the district court dismissed both Sedan City Hospital and its employee (Short) based upon the failure to comply with K.S.A. 2012 Supp. 12-105b(d). And although the issue was not raised, the Court of Appeals agreed the statute requires notice to the municipality even when suing a municipal employee. See *Sleeth*, 2012 WL 402018, at *7; see also *King v. Pimentel*, 20 Kan. App. 2d 579, 589, 890 P.2d 1217 (1995) (concluding legislature intended written notice of claim under the statute was required for bringing an action against municipal employees).

We have never addressed whether K.S.A. 2012 Supp. 12-105b(d) applies to claims against municipal employees acting within the scope of their employment and express no opinion now on that. The Sleeths have not challenged the statute's application to Short, so this issue is not subject to review. See *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008) (issue not briefed is deemed waived or abandoned); see also *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 172, 298 P.3d 1120 (2013) (aggrieved party must seek review; failure to file cross-petition for review).

Moving to the issue of content compliance, the statute expressly states that notice is deemed effective if the notice substantially

complies with statutory requirements. K.S.A. 2012 Supp. 12-105b(d). Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. *Continental Western,* 297 Kan. at 775 (quoting *Dodge City Implement,* 288 Kan. at 639; *Orr,* 270 Kan. at 113).

There are five content notice requirements specified in K.S.A. 2012 Supp. 12-105b(d) that must be given: (1) the name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the claim's factual basis, including the date, time, place and circumstances of the act, omission, or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages being requested. See *Continental Western,* 297 Kan. at 774-75; *Dodge City Implement,* 288 Kan. at 639.

But the question of compliance is not based upon a "mechanical counting" of information addressing each enumerated category in the statute. Instead, notice is sufficient if it gives the municipality what it needs for a "full investigation and understanding of the merits of the claims advanced." *Continental Western,* 297 Kan. at 775; 288 Kan. at 642. This is achieved when the notice advises the municipality of the time and place of the injury, affords the municipality an opportunity to ascertain the character and extent of the injury sustained, and allows for the early investigation and resolution of claim disputes. See *Continental Western,* 297 Kan. at 778.

In this case, the February 21 letter failed to include both the claimants' address and a statement of the monetary damages requested. The defendants conceded at oral argument that, under the circumstances, the failure to include claimants' address was inconsequential, and we agree. The five notice elements specified in K.S.A. 2012 Supp. 12-105b(d) are not always equal because some have a greater impact on a municipality's ability to investigate and understand a claim depending on the circumstances. In this instance, the claimants' address added nothing because counsel's contact information was included.

But the same cannot be said about the failure to include any statement of monetary damages. We reject Chief Judge Greene's rationale that the lack of a damages statement in the first letter could not have hindered the municipality's full investigation and understanding of the claim because there was a $250,000 statutory cap on nonpecuniary damages. *Sleeth*, 2012 WL 402018, at *13-14 (Greene, C.J., concurring).

We note that during the early stages of this controversy, the Sleeths sought substantially more than just nonpecuniary damages. In fact, the great majority of the Sleeths' initial demand arose from alleged pecuniary damages consisting principally of Johnson's lost disability income. Our law recognizes no limit on pecuniary damages recoverable in certain personal injury and wrongful death actions. See K.S.A. 60-1903 (limiting wrongful death damages, other than pecuniary loss, to $250,000). And while we express no opinion as to whether the alleged economic losses were recoverable in this particular scenario, they were clearly included in the Sleeths' claim. As a result, this was significant information for the municipality to have in its claims evaluation process. The statutory cap on nonpecuniary damages could not have alerted the municipality as to the amount and character of the pecuniary damages being claimed by the Sleeths.

We hold that a notice that lacks any statement of monetary damages claimed against the municipality cannot reasonably be seen to meet K.S.A. 2012 Supp. 12-105b's objectives and/or requirements. See *Garcia v. Anderson*, 46 Kan. App. 2d 1094, 1104, 268 P.3d 1248 (2012) (Without the municipality's understanding of the extent of alleged damages, the legislature's obvious desire to facilitate early and easy resolution of a claim was undermined.), *rev. denied* 296 Kan. 1129 (2013); accord *Dodge City Implement*, 288 Kan. at 642. We agree with Judge Atcheson that "some mention of damages or the value of the claim is essential to a notice compliant with K.S.A. [2012] Supp. 12-105b(d)" because it is impossible for a municipality to evaluate what is at stake without any indication as to what the claimant wants. *Sleeth*, 2012 WL 402018, at *6. In this case, it is unnecessary to determine what detail is required.

In *Continental Western*, we held there was substantial compliance when a claimant demanded the same damages in both the notice and its petition, even though the claimant later sought to amend the pleadings and pursue a much higher damages amount as the facts evolved in the litigation. We held under the facts of that case that the notice provided sufficient information to advise the defendants about the extent of injuries, afforded the municipality an opportunity to fully investigate the claim's merits, and did not disturb the statutory purpose of facilitating early and easy claim resolution. We held any dispute regarding subsequent amendments to the pleadings could be decided by the district court under K.S.A. 60-215. 297 Kan. at 778.

But in the Sleeths' case, in the absence of any mention of monetary damages, the February 21 letter cannot be seen as substantially complying with the content notice requirements specified in K.S.A. 2012 Supp. 12-105b(d). Accordingly, the Sleeths could only have met the statutory requirements for giving notice if we accept their second theory: that a combination of the February 21 and May 2 letters complied with the statute. We consider that question next, assuming for purposes of the argument that it is possible to achieve the statutorily required notice through multiple writings and that the Sleeths substantially complied with K.S.A. 2012 Supp. 12-105b(d)'s requirement that the notice "shall be filed with the municipality's clerk or governing body" by filing notice with a hospital administrator and the hospital's insurance representative.

*Compliance with the Statutorily Required 120-day Review Period*

As noted above, the petition was filed on August 2, 2010, which was 92 days after the May 2 letter containing the statement of damages. And since we have determined that the February 21 letter did not substantially comply with the statute, it did not trigger the 120-day review period under the statute. See K.S.A. 2012 Supp. 12-105b(d) ("Once notice of the claim is filed, no action shall commence until after the claimant has received notice from the municipality that has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."). The Sleeths do not allege their claim was denied, so the

statutory time—as calculated from the May 2 letter—had not expired and the lawsuit was filed prematurely.

We must decide next if the 120-day review period may be waived, as Judge Atcheson reasoned, when the municipality fails to raise the issue as an affirmative defense. This question turns on whether the failure to comply with the notice requirement implicates subject matter or personal jurisdiction. We hold that it may not be waived and that substantial compliance with K.S.A. 2012 Supp. 12-105b(d) is necessary before a court may obtain subject matter jurisdiction over the claim.

Subject matter jurisdiction establishes the court's authority to hear and decide a particular action. It cannot be conferred by consent, waiver, or estoppel. Nor can parties convey subject matter jurisdiction onto a court by failing to object to the court's lack of jurisdiction. If the district court lacks subject matter jurisdiction, an appellate court cannot acquire jurisdiction over the subject matter on appeal. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009).

There are two types of personal jurisdiction: specific and general. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within a forum state. It is governed by the Kansas long arm statute and is not relevant to this appeal. In contrast, general personal jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Merriman v. Crompton Corp.*, 282 Kan. 433, 440, 146 P.3d 162 (2006).

This court has characterized the K.S.A. 2012 Supp. 12-105b(d) notice requirements as jurisdictional, but we have not previously specified whether the requirements implicate subject matter or personal jurisdiction. For example in *Kau Kau Take Home No. 1 v. City of Wichita*, 281 Kan. 1185, Syl. ¶ 2, 135 P.3d 1221 (2006), the court held:

"Any person with a claim against a municipality under the Kansas Tort Claims Act must file a written notice of the claim with the municipality. The filing of a proper notice of claim is a prerequisite to filing an action in the district court against a municipality. *These notice requirements are jurisdictional. If the statu-*

*tory notice requirements are not met, the court cannot obtain jurisdiction over the municipality."* (Emphasis added.)

This description of K.S.A. 2012 Supp. 12-105b(d) as jurisdictional is based in part on the statute's legislative history. In *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, 81, 11 P.3d 1131 (2000), the court noted the League of Kansas Municipalities' Task Force on Tort Reform was a significant contributor to the amendment of K.S.A. 12-105b(d). The task force's recommendation pertaining to K.S.A. 12-105b(d) was as follows: " '[R]equire written notice of claims by persons alleging injury from acts of municipalities *as a jurisdictional prerequisite to commencing a lawsuit* under the [Kansas Tort Claims] Act.' (Emphasis added.) Minutes of the House Judiciary Committee, February 5, 1987, Hearing on H.B. 2023." *Gessner*, 270 Kan. at 81. The *Gessner* court relied upon the plain language of K.S.A. 12-105b(d) and this legislative history to conclude that a party is not entitled to relief against a city unless the party complies with the statutory notice requirement. 270 Kan. at 82.

The Court of Appeals has previously characterized K.S.A. 12-105b(d) as implicating subject matter jurisdiction. See, *e.g.*, *Steed v. McPherson Area Solid Waste Utility*, 43 Kan. App. 2d 75, Syl. ¶ 8, 221 P.3d 1157 (2010); *Christopher v. State*, 36 Kan. App. 2d 697, Syl. ¶ 1, 143 P.3d 685 (2006). Both cases cited *Gessner*. Judge Atcheson criticized those cases, correctly pointing out that *Gessner* did not explicitly identify which type of jurisdiction was involved. He argued the better interpretation of *Gessner* is that K.S.A. 2012 Supp. 12-105b(d) implicates personal jurisdiction because *Gessner* can be read as "treating the obligation to give notice under K.S.A. [2012] Supp. 12-105b(d) as a component of commencing an action comparable to service of process in K.S.A. 60-203a . . . ." *Sleeth*, 2012 WL 402018, at *7. But his analysis also reads something into *Gessner* that is not there.

In *Gessner*, the issue was whether the Kansas saving statute, K.S.A. 60-518, permits a claimant to file a K.S.A. 12-105b(d) notice and commence a lawsuit after the applicable limitation period has expired when a previous, timely lawsuit was dismissed for failure

to comply with the notice requirement. See K.S.A. 60-518 (providing plaintiff whose timely commenced action fails other than on the merits may bring new suit within 6 months, even though limitations period has expired). The court concluded that under the notice statute's plain meaning, written notice must be filed before an action could commence and K.S.A. 12-105b(d) evidences a "clear legislative intent to disallow the commencement of any actions prior to the filing of the requisite notice." 270 Kan. at 81. *Gessner* simply holds that a claimant cannot have commenced an action, within the meaning of the saving statute, without first having complied with K.S.A. 12-105b(d). 270 Kan. at 81-82; see K.S.A. 60-518.

The plain language of K.S.A. 2012 Supp. 12-105b(d) prohibits initiating an action before the 120-day review period has expired, stating: "[N]o action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim." The statute then repeats that "[n]o person may initiate an action against a municipality *unless the claim has been denied in whole or part.*" (Emphasis added.) K.S.A. 2012 Supp. 12-105b(d).

Clearly, the time bar is shortened if a municipality denies a claim before the 120 days passes. Just as clearly, any shortening of the time period is intended to occur only from the municipality's decision to deny a claim, in whole or in part, before a legal action is initiated. But under Judge Atcheson's waiver analysis, a claimant could ignore the statute and easily force the municipality's hand by filing early, then waiting to see if the municipality, obligated to respond to the petition, waives the time bar by failing to assert it by motion or as an affirmative defense. See K.S.A. 2012 Supp. 60-212(a)(1)(A)(i), (b) (answers to petitions or motions asserting certain defenses, when permitted, to be served within 21 days of service of summons and petition).

This is not what K.S.A. 2012 Supp. 12-105b(d) envisions. The statute plainly provides that no person may initiate a lawsuit until the claim is denied or statutorily deemed denied. See *Gessner*, 270 Kan. at 81 (The plain language of K.S.A. 12-105b(d) "expresses a

clear legislative intent to disallow the commencement of any actions prior to the filing of the requisite notice."). Any other reading of the statute diminishes its utility and the underlying policy of giving a municipality an opportunity to "ascertain the character and extent of the injury sustained, and to allow for the early investigation and resolution of claim disputes." See *Continental Western*, 297 Kan. 769, Syl. ¶ 3 (defining purpose of statute).

We also question Judge Atcheson's analogy to statutes of limitations, which he used to downplay the importance of the 120-day review period. He characterized K.S.A. 2012 Supp. 12-105b(d) as promoting a "more limited public policy and serv[ing] a narrower constituency" than statutes of limitations. *Sleeth*, 2012 WL 402018, at \*9. But as noted above, K.S.A. 2012 Supp. 12-105b(d) establishes a condition precedent to filing suit; and in that sense, it is more analogous to this court's caselaw discussing exhaustion of administrative remedies. For example, this court held in *Kingsley* that a district court lacked subject matter jurisdiction to consider a petition when a person does not exhaust all available administrative remedies under the Kansas Judicial Review Act. *Kingsley*, 288 Kan. at 408-09. The KJRA exhaustion provisions align closely with K.S.A. 2012 Supp. 12-105b(d) because they impose certain procedural requirements that must be satisfied before judicial review can be sought. *Kingsley* supplies additional support by analogy for finding K.S.A. 2012 Supp. 12-105b(d) implicates subject matter jurisdiction.

We hold that the 120-day review period requirement of K.S.A. 2012 Supp. 12-105b(d) establishes a statutory condition precedent that must be met before a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act. Its time constraint may be shortened only if a municipality acts to deny the claim in whole or in part before a petition is filed in the district court. The 120-day review period cannot be waived to give a court subject matter jurisdiction over a prematurely filed lawsuit.

The decision of the Court of Appeals reversing the district court on the issue that is subject to our review is reversed. The district court's dismissal for lack of jurisdiction is affirmed.

LUCKERT and MORITZ, JJ., not participating.

DANIEL D. CREITZ, District Judge, assigned.