NOT DESIGNATED FOR PUBLICATION

No. 118,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL CABALLERO,
*Appellant*,

v.

WYANDOTTE COUNTY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed August 31, 2018. Affirmed.

*Daniel Caballero*, appellant pro se.

*Jane A. Wilson*, assistant counsel, of Unified Government of Wyandotte County/Kansas City, Kansas, for appellee Wyandotte County Detention Center.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: In this personal injury action, Daniel Caballero—who is acting pro se—appeals from the district court's granting of a motion to dismiss in favor of Wyandotte County. The district court determined that it lacked subject matter jurisdiction because Caballero failed to meet the statutory notice requirements set forth in K.S.A. 2017 Supp. 12-105b(d). Caballero contends on appeal that the district court prematurely dismissed his claims. Unfortunately, because Caballero failed to comply with K.S.A. 2017 Supp. 12-105b(d), the district court did not have jurisdiction to hear this matter and appropriately dismissed this action. Thus, we affirm.

1

FACTS

On December 21, 2016, Caballero filed a pro se pleading entitled "Petition of Formal Notice" against Wyandotte County. It is unclear whether Caballero ever received personal service on Wyandotte County. However, he attached a certificate of service indicating that copies of the petition had been sent to the clerk of the district court and to the district attorney. Caballero did not name or identify Correct Care Solutions or Corizon Health, Inc. in the petition. Furthermore, he has joined neither as parties to this case.

In the petition, Caballero alleged that, during his detention in Wyandotte County, he was hospitalized and KU Medical Center amputated the ring finger on his right hand due to infection on or about March 10, 2015. Specifically, he alleged that he ultimately lost his finger because of negligent medical treatment he received while incarcerated at the Wyandotte County Detention Center. Moreover, Caballero requested that Wyandotte County compensate him in the amount of $10,000—evidently in damages—and to reimburse him for the expenses he had incurred.

On January 31, 2017, the Unified Government of Wyandotte County/Kansas City, Kansas, filed a motion to dismiss. In particular, the Unified Government argued that Caballero had failed to satisfy the statutory notice requirements set forth in K.S.A. 2017 Supp. 12-105b(d). Caballero filed a response to the motion to dismiss on February 10, 2017, in which he asserted that he had complied with the statutory requirements. However, on April 25, 2017, he filed a motion for stay in which he recognized that he had made a "grave mistake by failing to follow K.S.A. 12-105b(d)." Thereafter, Caballero filed several other motions.

On May 10, 2017, the district court held a hearing on the Unified Government's motion to dismiss. For whatever reason, the district court did not enter a journal entry

2

until August 9, 2017. In the journal entry, the district court dismissed the case "without prejudice for failure to comply with the provisions [of] K.S.A. §12-105b(d)." Likewise, the district court found the other motions filed by Caballero to be moot in light of its ruling on the motion to dismiss.

ANALYSIS

On appeal, Caballero contends that the district court erred in dismissing this case pursuant to K.S.A. 2017 Supp. 12-105b(d). In response, the Unified Government points out that Caballero does not argue that he complied with the statutory requirements. Accordingly, it contends that dismissal for lack of subject matter jurisdiction was proper.

Whether subject matter jurisdiction exists is a question of law over which our scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). Similarly, the interpretation of a statute is a question of law over which we have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). In particular, "[w]hen the contents of the purported notice are uncontroverted, whether a plaintiff has substantially complied with K.S.A. [2017] Supp. 12-105b(d) involves only statutory interpretation, and, accordingly, is a question of law subject to de novo review." *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 863, 317 P.3d 782 (2014).

In *Sleeth*, the Kansas Supreme Court held that the statutory notice requirements establish a "condition precedent that must be met before a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act." 298 Kan. at 871. "Subject matter jurisdiction establishes the court's authority to hear and decide a particular action. It cannot be conferred by consent, waiver, or estoppel. Nor can parties convey subject matter jurisdiction onto a court by failing to object to the court's lack of jurisdiction." 298 Kan. at 868. If a district court lacks subject matter jurisdiction,

3

an appellate court cannot acquire jurisdiction over the subject matter on appeal. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009).

In this case, the district court concluded as a matter of law that it lacked subject matter jurisdiction because Caballero failed to comply with the provisions of K.S.A. 2017 Supp. 12-105b(d), which provides:

"Any person having a claim against a municipality . . . which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality or against an employee of a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action."

Applying the plain and unambiguous language of K.S.A. 2017 Supp. 12-105b(d) to this case, we conclude that the district court did not err in finding that it lacked subject

matter jurisdiction in this case. As Caballero candidly recognizes, he failed to comply with the statutory notice requirements. Moreover, there is no assertion that he substantially complied with the statute.

Although we are sympathetic to Caballero's plight, the only defendant named in his petition was Wyandotte County. Because of the failure to provide the County with the notice required by K.S.A. 2017 Supp. 12-105b(d), the district court did not have subject matter jurisdiction in this case. Thus, it appropriately dismissed this action as a matter of law.

Affirmed.