NOT DESIGNATED FOR PUBLICATION

No. 128,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RALPH HILTON,
*Appellant*,

v.

JONATHAN HAYES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; K. CHRISTOPHER JAYARAM, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Michael W. Blanton*, of Gerash Steiner Blanton P.C., of Evergreen, Colorado, and *Michael B. Lester* and *Adam R. Moore*, pro hac vice, of Dipasquale Moore, LLC, of Kansas City, Missouri, for appellant.

*Michael K. Seck* and *Andrew D. Holder*, of Fisher, Patterson, Sayler & Smith, LLP, of Overland Park, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Ralph Hilton appeals the district court's order granting summary judgment for Jonathan Hayes, an employee of a municipality, in this negligence claim under the Kansas Tort Claims Act because of Hilton's failure to substantially comply with the notice provisions of K.S.A. 12-105b. For the reasons explained below, we find no error and affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2022, Hilton was driving his Ford F-250 pickup truck in Overland Park when he was rear-ended by an Overland Park Police Department patrol vehicle driven by Officer Jonathan Hayes. Two days later, Hilton filed a notice of claim with the City Clerk for the City of Overland Park, Elizabeth Kelley. In that notice, which stated that he was not represented by an attorney, Hilton described how the accident had occurred, explained that he was experiencing headaches and soreness in his neck and shoulders, and stated that he had a doctor's appointment scheduled later that week. As for the amount of monetary damages he was seeking, Hilton stated: "Not sure at this point, our insurance claims adjuster will not be out until 5/19 to look at [the] truck." The section on monetary damages did not mention any claim based on bodily injury.

About a month after the accident, Hilton retained counsel who sent a settlement letter on Hilton's claim, but the letter is not included in the record on appeal. That letter was forwarded to Hayes' counsel, Michael K. Seck, who responded and provided the insurance policy limits and noted that he had not received any documentation on Hilton's property damage claim. Seck's response also stated that "[a]ll future correspondence concerning this matter should be directed to my attention." Thereafter, the parties negotiated and settled Hilton's claim for the damages to his truck.

About two years later, on April 1, 2024, Hilton's counsel sent a letter to Seck offering to settle Hilton's bodily injury claim for the aggregate limits of all applicable policies. The next day, Hilton's counsel sent a "demand packet" detailing Hilton's various injuries and his incurred and expected medical expenses. The claim was not settled.

On May 1, 2024, Hilton filed a lawsuit against Hayes, alleging Hayes' negligence was the sole cause of the crash and seeking damages for his alleged bodily injuries. The petition included a prayer for "judgment against [Hayes] for money damages in excess of

2

$75,000." Seck answered the petition on Hayes' behalf generally denying most of the claims and adding that Hilton "has failed to plead and comply with the provisions of K.S.A. § 12-105b." Later that month, Hayes moved for summary judgment and argued that Hilton had failed to substantially comply with the requirements of K.S.A. 12-105b(d) due to the lack of any information about the amount of damages he was seeking in his notice of claim. Hayes asserted that Hilton's notice contained no statement about any *amount* of damages and that the only explanation of the type of damages he incurred related only to his truck, not any personal injuries.

Hilton responded that he had substantially complied with the statute because although his initial notice lacked any statement of his damages, he later supplied information about the personal injury-related damages he was requesting, which gave the municipality the opportunity to investigate his claim and attempt to resolve it. He pointed to the "demand package" that he sent to Hayes' attorney in April 2024, which requested monetary damages for the aggregate limit of all applicable insurance policies and contained detailed medical bills and treatment records. Hilton argued that it was "inconceivable" for Hayes to claim that he was "unaware of the amount of the claim prior to the filing of this lawsuit" and that "[m]onetary damages were clearly communicated [and Hayes' attorney] was involved in every step of [settlement] discussions."

The district court held a hearing on the summary judgment motion on July 9, 2024. Two days later, the district court filed an 11-page order granting summary judgment in Hayes' favor. The district court found that it lacked subject matter jurisdiction over the action because Hilton had "failed to properly submit the required Tort Claim notice to the City of Overland Park, as required by KSA 12-105b(d)." The district court explained that the notice Hilton provided to the city clerk was "clearly deficient" because it contained no statement about the amount of monetary damages he sought. Although Hilton's initial notice referenced some uncertain damages to his truck,

3

the district court found that it did not refer to damages related to the "medical expenses, lost wages/income, or non-economic losses" he was seeking.

Turning to Hilton's contention that he substantially complied with the statutory notice requirement based on the demand packet sent to Hayes' counsel in April 2024, the district court explained that the demand packet did not satisfy the statutory requirement that notice be given to the clerk or governing body of the municipality. The district court reasoned that because the demand packet was sent to Hayes' counsel and not to the municipal clerk, there was no need to "determine whether the additional data and material provided with that demand letter . . . could, when combined with the original claim submitted, qualify as 'substantial compliance' with the statute." In a footnote, the district court expressed some sympathy for the seemingly harsh procedural result but noted the plain language of the statute and caselaw interpreting it required it to grant summary judgment in Hayes' favor. Hilton timely appealed the district court's judgment.

ANALYSIS

Hilton's only claim on appeal is that the district court erred in granting summary judgment because he substantially complied with the notice requirements of K.S.A. 12-105b(d). He asserts that although his initial notice of claim did not describe the amount of monetary damages he was seeking for his personal injuries, he substantially complied with the statute because he provided that information through "multiple communications" with Hayes' counsel—specifically the demand packet sent in April 2024, and their alleged settlement discussions. Hilton argues that although K.S.A. 12-105b(d) specifies that service of the notice must be made on the clerk or governing body of the municipality, he was permitted to send this additional information solely to Hayes' counsel, who was acting as his official representative. He asserts the fact that negotiations occurred is evidence that a sufficient notice of claim was provided.

4

Hayes maintains the district court properly granted summary judgment because Hilton failed to provide notice of the damages he was claiming and did not substantially comply with K.S.A. 12-105b(d). He asserts that the multiple communications between counsel during the settlement negotiations do not cure the deficiency in the notice.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.'" *First Security Bank v. Buehne*, 314 Kan. 507, 510, 501 P.3d 362 (2021).

When, as here, there is no factual dispute about the service of a notice of claim, "this court reviews the district court's grant of summary judgment as a question of law subject to de novo review." *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 871, 127 P.3d 319 (2006). Also, interpretation of K.S.A. 12-105b(d) presents a question of law subject to de novo review. See 280 Kan. at 871.

A person with a claim against a municipality or an employee of a municipality that could give rise to an action under the Kansas Tort Claims Act must file a written notice of their claim "with the clerk or governing body of the municipality" before commencing such action. K.S.A. 12-105b(d). As for the substance of that notice, the statute requires five pieces of information:

> "The notice . . . shall contain the following:  (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the

factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested." K.S.A. 12-105b(d).

The statute also provides that "[i]n the filing of a notice of claim, *substantial compliance* with the provisions and requirements of this subsection shall constitute valid filing of a claim." (Emphasis added.) K.S.A. 12-105b(d). In short, a party cannot bring a tort action against a Kansas municipality or one of its employees without first filing a written notice, with the clerk or governing body of the municipality, setting out the facts of their claim—and failure to substantially comply with the statute deprives the district court of subject matter jurisdiction over the claim. *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 863, 317 P.3d 782 (2014).

The Kansas Supreme Court has explained that substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." 298 Kan. at 865 (citing *Continental Western Ins. Co. v. Shultz*, 297 Kan. 769, 775, 304 P.3d 1239 [2013]). And the purpose or objective of K.S.A. 12-105b "is to advise the proper municipality of the time and place of the injury, so as to provide it an opportunity to ascertain the character and extent of the injury sustained." *Continental Western Ins. Co.*, 297 Kan. at 775. Or, as the *Sleeth* court explained it, substantial compliance with the statute "is achieved when the notice [1] advises the municipality of the time and place of the injury, [2] affords the municipality an opportunity to ascertain the character and extent of the injury sustained, and [3] allows for the early investigation and resolution of claim disputes." 298 Kan. at 865.

Here, there is no question that the initial notice that Hilton provided to the Overland Park clerk did not contain any information about the amount of monetary damages he was seeking. "[A] notice that lacks any statement of monetary damages

6

claimed against the municipality cannot reasonably be seen to meet [the statute's] objectives and/or requirements." *Sleeth*, 298 Kan. at 866. A notice must contain some mention of damages or the value of the claim to comply with the statute "because it is impossible for a municipality to evaluate what is at stake without any indication as to what the claimant wants." 298 Kan. at 866.

As the district court noted in its ruling, there was only one notice of claim actually served on the clerk, and that notice did not mention the amount of any monetary damages Hilton was seeking. The only statement about monetary damages concerned the damage to Hilton's truck, and it listed no specific amount he was seeking, stating he was "[n]ot sure at this point." There was no mention of damages related to Hilton's bodily injuries in the notice. Because the initial notice was deficient, Hilton argues that he substantially complied with the notice provisions of the statute through "multiple communications" with Hayes' counsel followed by settlement negotiations of the claim.

But before addressing whether Hilton's multiple communications substantially complied with the statute, we must first address the fact that Hilton's subsequent demand packet was sent to Hayes' attorney and not to the clerk or governing body of the municipality. In other words, regardless of the contents of Hilton's multiple communications, there is also a question of whether he complied with the service provision of K.S.A. 12-105b(d).

In its summary judgment ruling, the district court found that it "need not determine whether the additional data and material provided with [Hilton's] demand letter to [Hayes' counsel] could, when combined with the original claim submitted, qualify as 'substantial compliance' with the statute" because those materials were not sent to the municipal clerk as required by K.S.A. 12-105b(d). Our Supreme Court has held that service of a notice of claim "on the county counselor *or anyone else who is not the clerk or governing body of*

*the municipality* as specified in [K.S.A. 12-105b(d)] is not substantial compliance with the statute." (Emphasis added.) *Myers*, 280 Kan. 869, Syl. ¶ 2.

In *Myers*, the plaintiff served a notice of claim for wrongful termination on the county counselor. The county counselor forwarded the notice to the county's governing body, the board of county commissioners, thus providing the body with actual notice of the claim. The county investigated and denied the claim, and the plaintiff later sued the county. But the county moved for summary judgment, arguing that service of the notice of claim on the county counselor was defective because the county counselor was neither the county clerk nor the county's governing body. The district court agreed and granted summary judgment for the county. In affirming, the Kansas Supreme Court determined that if it allowed service of the notice on the county counselor to constitute substantial compliance with the statute, it "would establish a new, judicially-created method of serving notice beyond the methods established by the legislature." 280 Kan. at 875; see also *Farmers Bank & Trust v. Homestead Community Development*, 58 Kan. App. 2d 877, Syl. ¶ 7, 476 P.3d 1 (2020) ("Failure to serve the notice on the proper official resolves a tort claim filed against a municipality."); *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 383, 988 P.2d 263 (1999) (noting that K.S.A. 12-105b(d) "specifically requires service on the county clerk. Plaintiff's failure to serve the county clerk is fatal to his cause of action and requires that we affirm its dismissal").

Hilton asserts that the line of cases holding that the notice of claim must be served on the clerk are inapplicable—or at least distinguishable—because he provided an initial, albeit deficient, notice to the clerk and thereafter was directed to send all future information to Hayes' attorney. But he offers no authority to support his position that this court should ignore the clear precedent from the Kansas Supreme Court or the plain language of the statute. This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

8

Hilton also asserts that he could not have provided his additional notice to the clerk because the Kansas Rules of Professional Conduct prohibit an attorney from communicating directly with a party who is known to be represented by counsel. See KRPC 4.2 (2025 Kan. S. Ct. R. at 396). Rule 4.2 states that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer *or is authorized to do so by law* or a court order." (Emphasis added.) The district court addressed this concern in a footnote, commenting:

> "While the Court is empathetic to the situation where plaintiff and his attorneys may have been reluctant to file documents with the City directly, given a letter of representation sent by [Hayes' attorney], the Court is duty bound to follow binding precedent from the Kansas appellate courts . . . . In the Court's view, and as counsel for the City noted, counsel could have filed (on his client's behalf) an amended notice with the Clerk and copied [Hayes' attorney], as counsel, without running afoul of any ethical prohibitions, given that such 'notice' would be 'authorized by law.'"

The district court was correct in rejecting Hilton's argument about ethical concerns. First, we observe that Seck technically represented only Hayes, not the clerk or the governing body of the municipality. Second, and more importantly, Hilton was authorized by K.S.A. 12-105b(d) to send any supplemental notice of his claim directly to the clerk or the governing body of the municipality. Thus, Hilton could have provided the supplemental notice of his claim to the clerk or the governing body of the municipality and complied with the statute without violating Rule 4.2.

Through K.S.A. 12-105b, the Legislature expressed an obvious desire to facilitate early and easy resolution of claims against municipalities. And the proper filing of a notice of claim on the clerk or governing body of the municipality allows a full investigation and understanding of the merits of the claims. None of Hilton's arguments about whether his multiple communications or settlement negotiations constituted

9

substantial compliance cure the underlying problem that notice was not served on the proper party as required by the statute. Because Hilton's initial notice of claim failed to include a statement of the amount of monetary damages he was requesting for his injuries and the subsequent information he communicated was not served on the clerk, he failed to substantially comply with K.S.A. 12-105b(d).

Finally, even if we ignore the fact that Hilton provided notice of the amount of his damages only to Hayes' counsel and not to the clerk or governing body of the municipality, we would still find that Hilton's "multiple communications" failed to substantially comply with the statute. As the district court noted in its ruling, providing the information about the amount of damages nearly two years after the initial notice flies in the face of the statutory objectives of K.S.A. 12-105b to facilitate early and easy resolution of a claim. For this reason as well, Hilton's multiple communications failed to substantially comply with the statute. Thus, we conclude the district court did not err in granting summary judgment for Hayes because of Hilton's failure to substantially comply with the notice provisions of K.S.A. 12-105b(d).

Affirmed.