No. 103,776

CONTINENTAL WESTERN INSURANCE COMPANY, *Appellant/Cross-appellee,* v. CHRISTOPHER J. SHULTZ; CITY OF GREAT BEND, KANSAS; and CITY OF GREAT BEND, KANSAS, POLICE DEPARTMENT, *Appellees/Cross-appellants.*

(304 P.3d 1239)

Opin-ion filed July 5, 2013.

*Todd B. Butler,* of Butler & Associates, P.A., of Topeka, argued the cause, and *Stephanie B. Poyer,* of the same firm, was with him on the briefs for appellant/ cross-appellee.

Gaye B. Tibbets, of Hite, Fanning & Honeyman, LLP, of Wichita, argued the cause, and was on the briefs for appellees/cross-appellants.

The opinion of the court was delivered by

BILES, J.: State law requires anyone bringing a claim against a municipality under the Kansas Tort Claim Act, K.S.A. 75-6101 *et seq.*, to provide that municipality with prior written notice of the claim. K.S.A. 2012 Supp. 12-105b(d). This requirement exists to advise the municipality of the time and place of the injury and allow it to ascertain the character and extent of the injury before suit is filed. *Dodge City Implement, Inc. v. Board of Barber County Comm'rs*, 288 Kan. 619, 639, 205 P.3d 1265 (2009). Among other things, the notice must include "a statement of the amount of monetary damages that is being requested." K.S.A. 2012 Supp. 12-105b(d)(5).

In this case, the claimant alleged $19,590.07 in damages in the notice. Later, that same amount was alleged as damages when the claim first became a lawsuit in the district court. But several months after suit was filed, the alleged damages rose to $228,088.25. The municipality objected, arguing the notice did not adhere to the statute's disclosure requirements in light of the 11-fold increase in damages. A sharply divided Court of Appeals panel held that the notice substantially complied with the statute. *Continental Western Ins. Co. v. Shultz*, No. 103,776, 2011 WL 2793583, at *13 (Kan. App. 2011) (unpublished opinion). We granted review on that issue. We agree with the panel majority that the notice substantially complied with K.S.A. 2012 Supp. 12-105b(d)(5) and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2005, Layne Steinert was injured in a car accident with Christopher Shultz, a Great Bend police officer. Both were in the course of their employment when the accident occurred. Steinert obtained workers compensation benefits but did not bring a tort action to recover his damages from the accident. Consequently, that right was statutorily assigned to Continental Western Insurance Company, his employer's workers compensation carrier. K.S.A. 44-504(c) (injured worker's failure to bring tort action op-

erates as assignment to employer); K.S.A. 2012 Supp. 44-532(a) (insurer subrogated to employer's rights under Workers Compensation Act).

On March 27, 2007, Continental gave notice to the City of Great Bend that it was pursuing a claim against the city for damages resulting from Shultz' negligence in the March 2005 accident. The notice set out various details regarding the accident, including a request for money damages in the amount of $19,590.07 for medical bills and indemnity. That same day, Continental prematurely filed suit in district court in violation of K.S.A. 2012 Supp. 12-105b(d), which states that no action may commence until after the municipality denies the claim or 120 days, whichever occurs first. Since it was premature, the suit was dismissed.

Continental filed a second petition on September 6, 2007, demanding judgment in the amount of $19,590.07 and naming as defendants Shultz, the City of Great Bend, and the Great Bend Police Department (collectively defendants). Continental alleged Shultz' negligence caused Steinert's injuries, and, as a result, Continental had paid workers compensation benefits to Steinert for "medical expenses, lost wages, temporary total disability payments, pain and suffering, and mental anguish."

During pretrial discovery, Continental moved for leave to amend its petition under K.S.A. 60-215(a) (amendment by consent of opposing party or leave of court) to plead damages in excess of $75,000. Continental asserted its $19,590.07 damages calculation was incorrect because of an accounting error in which expenses related to the March 2005 accident were mistakenly attributed to a different incident. Continental also disclosed that the amount of Steinert's medical expenses and temporary total disability payments then totaled $93,000, but noted that its expenses on account of Steinert's injuries were ongoing. The district court granted Continental leave to amend its petition.

Defendants moved to set aside the order. Four days later, defendants also moved to dismiss the amended petition for lack of subject matter jurisdiction because the amount of monetary damages demanded therein differed from the amount requested in the 12-105b(d) notice. They further argued that Continental was re-

quired to file a new notice with the municipality reflecting the increased monetary damages to comply with K.S.A. 2012 Supp. 12-105b(d).

The district court ultimately reaffirmed its decision to grant Continental leave to amend its petition and denied defendants' motion to dismiss. The court specifically found Continental's statutory notice substantially complied with K.S.A. 2012 Supp. 12-105b(d). In doing so, the district court also found pursuant to K.S.A. 60-215(a) (the statute controlling amendments to pleadings) that "justice requires that Plaintiff should be allowed to increase its stated amount of damages in order to provide Plaintiff with the opportunity to recover the cost of workers compensation benefits and lost wages paid to and/or on behalf of Steinert."

In subsequent proceedings, Continental revealed its damages were still accruing because of its ongoing temporary total disability compensation payments to Steinert. Continental announced it intended to seek $228,088.25 in damages—the policy limits applicable to Steinert's workers compensation claim. Defendants again moved to dismiss, arguing Continental's damages were speculative pending a final workers compensation award. The district court agreed and dismissed the case.

Both parties appealed. Continental challenged the dismissal, while defendants cross-appealed the district court's earlier determination that Continental's notice substantially complied with K.S.A. 2012 Supp. 12-105b(d). Notably, defendants did not challenge the district court's discretionary decision to permit Continental's amendment to its pleadings under K.S.A. 60-215(a). See *Klose v. Wood Valley Racquet Club, Inc.*, 267 Kan. 164, Syl. ¶ 2, 975 P.2d 1218 (1999) (statute gives district court broad discretion to permit amendments to pleadings, and its actions will not be reversible unless it affirmatively appears the amendment was so material that it affected the adverse party's substantial rights).

The Court of Appeals reversed the district court's dismissal order that determined Continental's claims were speculative. *Continental Western Ins. Co.*, 2011 WL 2793583, at *8. That issue is not before us. But the panel sharply divided over whether the claim

notice substantially complied with K.S.A. 2012 Supp. 12-105b(d)(5). Each panel member viewed the problem differently.

Judge Joseph Pierron quickly disposed of the issue, writing simply that "[a]ll parts of the notice were correct at the time of the filing; therefore the notice was in substantial compliance with the law and the district court was correct in finding so." 2011 WL 2793583, at *13. And in a separate concurring opinion, Judge Karen Arnold-Burger agreed the notice contained the information required by law and also noted that Continental's September 2007 petition demanded the same monetary damages sought in its 12-105b(d) claim notice. She argued the district court acquired jurisdiction at the time Continental filed the petition and, despite the increased damages sought later in the proceedings, once jurisdiction was acquired it was "not ousted or divested by subsequent events." 2011 WL 2793583, at *15.

In dissenting from the other panel members' majority and concurring opinions Judge Thomas Malone, now Chief Judge, argued the district court erred when it found Continental's notice substantially complied with the statutory requirements of 12-105b(d) and denied defendants' motion to dismiss. He reasoned that the notice was inaccurate when Continental first submitted it to the municipality, the inaccuracy resulted from Continental's own error, and the notice failed to meet a statutory objective because the discrepancy between Continental's initial notice amount compared to the amended petition's demand did not give the municipality a fair chance to determine the benefits of settling the case before litigation. 2011 WL 2793583, at *13-15.

Defendants petitioned this court for review solely on the question of whether Continental's notice substantially complied with K.S.A. 2012 Supp. 12-105b(d)(5). We granted review under K.S.A. 20-3018(b) (review of Court of Appeals decision) and obtain jurisdiction under K.S.A. 60-2101(b). Neither party sought review of the majority decision reversing the district court's dismissal order based on the speculative nature of the damages.

## SUBSTANTIAL COMPLIANCE

We address only whether Continental's statutory notice substan-

tially complied with K.S.A. 2012 Supp. 12-105b(d)(5) when the damages requested in that notice later increased during the litigation. Because we hold the notice substantially complied with the statute, we do not address the nature of any jurisdictional defect that might arise from a defective notice. See *Sleeth v. Sedan City Hospital*, No. 105,876, 2012 WL 402018, at *7 (Kan. App. 2012) (unpublished opinion) (court has been "opaque about the precise jurisdictional bar" arising from failure to provide sufficient notice), *rev. granted* May 20, 2013.

*Standard of Review*

Whether Continental's notice substantially complied with the statutory requirements turns on our interpretation of K.S.A. 2012 Supp. 12-105b(d). Statutory interpretation is a question of law subject to de novo review. *Dodge City Implement, Inc.*, 288 Kan. at 638; *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 871, 127 P.3d 319 (2006).

*Discussion*

A party may not commence a tort action against a municipality without first filing proper written notice in compliance with K.S.A. 2012 Supp. 12-105b(d). Failure to do so precludes the plaintiff from obtaining relief in district court. See *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, 81-82, 11 P.3d 1131 (2000) (quoting K.S.A. 12-105b[d] and *James v. City of Wichita*, 202 Kan. 222, 225, 447 P.2d 817 [1968]; case dismissed for failure to comply with notice requirements and subsequent filing outside statute of limitations). K.S.A. 2012 Supp. 12-105b(d) provides:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) *a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial*

*compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.*" (Emphasis added.)

In this case, the only challenged portion of Continental's notice relates to subsection (d)(5), the statement of the amount of monetary damages requested.

A notice is effective if it substantially complies with the statutory requirements. K.S.A. 2012 Supp. 12-105b(d) ("substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim"); see also *Dodge City Implement, Inc.*, 288 Kan. at 639 (substantial compliance means " ' " 'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute' " ' " [quoting *Orr v. Heiman,* 270 Kan. 109, 113, 12 P.3d 387 (2000)]). This court has held that the statute's purpose is to advise the proper municipality of the time and place of the injury, so as to provide it an opportunity to ascertain the character and extent of the injury sustained. *Dodge City Implement, Inc.*, 288 Kan. at 639; see also *Cummings v. City of Lakin,* 276 Kan. 858, 863, 80 P.3d 356 (2003) (notice requirement lets municipality review and investigate tort claims against it and approve or deny claims before having to litigate them). Accordingly, the notice need not contain a "mechanical counting" of information addressing each enumerated category. Instead, the notice must provide the municipality with what it needs for a "full investigation and understanding of the merits of the claims advanced." *Dodge City Implement, Inc.*, 288 Kan. at 642.

The question here is whether Continental's notice provided the municipality with sufficient information to investigate and understand the merits of Continental's demand when the only disclosure in dispute is the amount of damages. Notably, the same damages were alleged in both the notice and petition as it was first filed, but Continental sought to amend the petition later. Our focus is on whether the municipality could ascertain from the notice the character and extent of the injury sustained given the subsequent 11-fold increase in the claim.

Defendants contend the original statement of the damages in Continental's notice cannot reasonably be considered substantial

compliance with the statutory notice requirements of 12-105b(d)(5). In support, defendants cite two cases discussing substantial compliance and monetary demands: *Dodge City Implement, Inc.*, 288 Kan. 619, and *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 988 P.2d 263 (1999). But these decisions are distinguishable because the discrepancy in monetary damages was not the only basis for the courts' finding noncompliance with the statute and was ultimately ancillary to the outcomes.

In *Dodge City Implement, Inc.*, the notice at issue contained several errors. It (1) identified the wrong claimant, (2) did not identify the ultimate plaintiffs or give their addresses, (3) did not provide counsel's name or address, and (4) failed to put the governmental entities on notice of the extent of damages sought. Against this list of faults, this court said:

"We regard these failures as more than merely technical; they posed serious obstacles to the County's and the Township's full investigation and understanding of the merits of the claims advanced. Without such investigation and understanding, the legislature's obvious desire to facilitate early and easy resolution of claims against municipalities is undermined. The notices did not serve their purpose, and they did not provide the district court with jurisdiction over the negligence and negligence per se claims." 288 Kan. at 642.

In *Zeferjohn*, the Court of Appeals held that a notice did not comply with the statute—"either literally or substantially"—because it was filed with the wrong public official. 26 Kan. App. 2d at 380-81. Though the court rested its holding on the failure to properly file the notice, it noted there were "other reasons" the notice did not comply, including the difference in amount between the damages requested in the notice and those demanded in the petition. 26 Kan. App. 2d at 383.

These cases provide less support than defendants presume. *Dodge City Implement, Inc.* held the notice did not substantially comply for numerous reasons—only one of which concerned the amount of damages sought. 288 Kan. at 641-42. And in *Zeferjohn*, the damages stated in the initial petition differed substantially from the damages claimed in the notice. Moreover, the Court of Appeals discussed this defect only in dicta after disposing of the substantial

compliance issue on other grounds. 26 Kan. App. 2d at 382-83. But here, Continental's petition conformed to its notice in all material respects when it was filed in the district court. Particularly important, the damages stated in the notice *matched* the damages sought in the petition. And there were no other claimed defects in the notice.

*Dodge City Implement, Inc.* holds that the pivotal inquiry is whether the municipality was placed on notice as to the time and place of injury and whether it had an opportunity to ascertain the character and extent of injuries sustained. 288 Kan. at 639, 642. Strikingly, defendants here conceded at oral argument that the controversy was properly before the district court as to $19,590.07 because Continental's petition conformed to the notice as to that amount. Defendants' argument rests entirely on the discrepancy between the damages Continental requested in the notice and those it sought in its amended petition. But whether Continental was permitted to amend its pleadings was controlled by K.S.A. 60-215. And we note there is no allegation Continental acted in bad faith or somehow intentionally misled defendants in its efforts to comply with K.S.A. 2012 Supp. 12-105b(d).

In granting Continental leave to amend its petition, the district court found Continental's notice substantially complied with K.S.A. 2012 Supp. 12-105b(d). The court noted defendants did not argue—and nothing in the record indicated—that defendants were unaware of Continental's claims or that defendants did not have enough time to investigate the claims before being sued. The district court further found Continental's notice contained "the essential matters necessary to insure every reasonable objective of the statute." Indeed, the district court specifically held under K.S.A. 60-215, based on Continental's representation that an accounting error was responsible for the original petition's damages request, that justice required Continental be allowed to amend its pleadings. Defendants do not dispute these findings under K.S.A. 60-215.

We also fail to discern any meaningful substance to defendants' argument that Continental should have been required to file a revised notice with the municipality to increase the damages at issue

once the controversy had moved to district court. The court had already found defendants were aware of the claim and had time to investigate it before the suit was filed. And defendants' ability to inform themselves about the factual and legal basis for the increase in the claimed damages was fully protected through the discovery procedures available in the district court.

Defendants really seek to cap damages against a municipality by the amount stated in the notice. But K.S.A. 2012 Supp. 12-105b(d) has no such cap, and implying one runs afoul of the district court's discretionary authority under K.S.A. 60-215 to permit amendments to pleadings. K.S.A. 60-215 is the best mechanism for determining when to modify the pleadings in these cases.

Under the circumstances presented, we hold Continental's notice substantially complied with K.S.A. 2012 Supp. 12-105b(d). The notice contained all the information required by the statue. It provided sufficient information to advise the defendants about the extent of injuries; it afforded the municipality an opportunity to fully investigate the merits of the negligence claim; and the purpose of facilitating early and easy claim resolution was not disturbed. See *Dodge City Implement, Inc.*, 288 Kan. at 642. Accordingly, the controversy was properly before the district court when the petition accurately reflected the content of the notice.

We hold further that when a notice conforms with K.S.A. 2012 Supp. 12-105b(d) and the petition in the district court accurately reflects the notice's contents, subsequent amendments to the pleadings are controlled by K.S.A. 60-215—absent a showing of a claimant's bad faith or misleading conduct in its initial submission of the claim notice. The availability of an inquiry into a claimant's possible bad faith or misleading conduct, if appropriately asserted by the municipality, protects against the possibility that a claimant may attempt to invoke an amendment to the pleadings as a matter of right under K.S.A. 60-215(a)(1), instead of the district court's discretionary authority under subsection (a)(2). See *Klose*, 267 Kan. 164, Syl. ¶ 2.

The judgment of the Court of Appeals affirming the district court is affirmed on the issue subject to our review, and the judgment of the district court is affirmed.

BEIER, J., not participating.

MERYL D. WILSON, District Judge, assigned.