NOT DESIGNATED FOR PUBLICATION

No. 118,284

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS PARISI,
*Appellant/Cross-appellee*,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, KANSAS,
KANSAS CITY, KANSAS POLICE DEPARTMENT, RODNEY SMITH, TERRY ZIEGLER, KEVIN
STEELE, MICHAEL VIVIAN, PAMELA WALDECK, and KELLY HERRON,
*Appellees/Cross-appellants*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed November 2, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Christina J. Nielsen* and *Kristi L. Kingston*, of Employee & Labor Law Group of Kansas City, LLC, of Overland Park, for appellant/cross-appellee.

*Henry E. Couchman Jr.*, of Unified Government of Wyandotte County/Kansas City, Kansas, for appellees/cross-appellants Unified Government of Wyandotte County, Kansas, Kansas City, Kansas Police Department, Terry Zeigler, Kevin M. Steele, Michael Vivian, Pamela Waldeck, and Kelly Herron, and *Sean M. Sturdivan*, *Tyler C. Hibler*, and *Nickolas C. Templin*, of Sanders Warren Russell & Scheer LLP, of Overland Park, for appellee/cross-appellant Rodney Smith.

Before HILL, P.J., PIERRON and MALONE, JJ.


PER CURIAM: Because the law requires notice to be given to a unit of government *and its employees* before a lawsuit may be filed seeking redress under the Kansas Tort Claims Act, we agree with the district court and affirm its dismissal of Douglas Parisi's lawsuit against the Unified Government of Wyandotte County/Kansas City, Kansas, and

1

the Kansas City, Kansas Police Department (collectively the Unified Government) because he failed to give it notice. But we hold the court went too far when it dismissed the claims against the employees. If the employees were acting outside the course and scope of their employment or acted wantonly and maliciously against Parisi, the Unified Government would not be liable under the Tort Claims Act and no prior notice to the employees would be legally required. At this early stage of the litigation, we cannot say if this is true. Therefore, we reverse that ruling and remand for further proceedings.

*Parisi loses his job as a police officer.*

Because of the procedural posture of this case that the court ruled it had no subject matter jurisdiction, we deem the following allegations made in Parisi's original petition to be true.

Parisi began his career in 1994 as a police officer in Wyandotte County. While he was employed, he maintained his primary residence in Wyandotte County. He received commendations and promotions for his work and he was never the subject of an internal affairs investigation. But that changed in 2014.

In August that year, Deputy Police Chief Kevin Steele asked Parisi to investigate a claim that the Humane Society of Wyandotte County owed the County a sum of money. Parisi did so. Through his investigation, he discovered an apparent problem with the Humane Society's Ray of Hope Program—a program created to increase adoptions of animals and decrease euthanasia rates.

Parisi discovered that Karen Sands was the director of the Ray of Hope Program from 2009 to 2012. Rodney Smith was the animal control commander from 2009 to 2011. Then Smith, in 2011, became the head of the internal affairs department of the police. Smith and Sands informed the County that the Humane Society had a one percent

2

euthanasia rate that was attributable to the Ray of Hope Program. Smith and Sands had also requested that the County increase the licensing fee to increase the funding for the Ray of Hope Program.

According to Parisi, Smith and Sands failed to disclose important information to the County. First, Smith and Sands were engaged in a romantic affair. They would meet in Smith's office and used a County vehicle to engage in their relationship. Also, Smith and Sands did not disclose that the Humane Society had been the subject of an investigation by the Kansas Department of Agriculture. The Department's investigation was linked to an investigation by the Missouri Department of Agriculture. The Missouri Department of Agriculture investigated Last Chance Black Dog Rescue and discovered that the rescue group had received dogs that were connected with the Ray of Hope Program. The Kansas Department of Agriculture's investigation showed that the Humane Society was improperly transporting dogs across state lines.

Additionally, the records of dogs entering and leaving the Humane Society's care were not accurate. Intake dates for certain dogs had been altered in a way to bypass a mandatory retention period for the animals. Finally, the Humane Society did not euthanize dogs that had been diagnosed with distemper. Instead, those dogs were transferred to different facilities. Ultimately, Sands was dismissed from her position based upon the Kansas Department of Agriculture's investigation.

Then, in September, Parisi disclosed his findings to Police Chief James Brown. Parisi raised a concern about Sands' and Smith's use of funding. At some point, Smith learned about Parisi's investigation and report. He opened an internal affairs investigation against Parisi that related to Parisi's permanent residence. Parisi maintained a permanent residence in Wyandotte County, but had a second property in Overland Park, Kansas. When he purchased the second property, he informed other members of the police and they raised no concerns about his residency.

3

The internal affairs investigation was thorough. From October 2014 through January 2015 the police sought information about Parisi's residence. The department used stakeouts, watched Parisi's movements, conducted trash pulls, examined the contents of his trash, and conducted covert surveillance. The police received assistance from the Federal Drug Enforcement Agency to conduct surveillance of Parisi. Further, the police used the National Crime Information Center database to look up information relating to a license plate they had observed while surveilling Parisi's ex-wife's home. This information is supposed to be used by the police only during a criminal investigation. But the police officers denied that there was a criminal investigation of Parisi.

Based upon the investigation, Smith concluded that Parisi was not actively residing in Wyandotte County—a violation of police regulations. Various parties now named as defendants wrote memoranda that detailed the facts that Smith used for his conclusion. Ultimately, in February 2015, Police Chief Terry Ziegler sent a termination letter to Parisi, stating that he had committed major violations.

Parisi sought reinstatement as a police officer by filing a grievance statement in which he denied any wrongdoing and requested reinstatement. His grievance was denied. Then, Parisi sent a letter to County Administrator Doug Bach, in which Parisi requested reinstatement. Finally, in July 2015, the County informed Parisi that his termination was permanent.

*Parisi takes legal action.*

Parisi, in February 2017, sued the Unified Government of Wyandotte County and Kansas City, its police department, and various members of the police force. He claimed:

- The Unified Government wrongfully terminated his employment;
- various police officers employed by the County abused their power;

4

- the defendants deprived him of a liberty interest in violation of due process; and
- the police officers were engaged in a civil conspiracy against him.

Based upon the due process claim, the defendants removed the suit to federal court. Parisi amended his complaint to allege a due process violation under the Kansas Constitution only. The parties subsequently agreed to remand the suit to Wyandotte County District Court. The defendants sought a dismissal of the suit.

In ruling on the motion to dismiss, the court considered an affidavit submitted by the defendants. It was an affidavit from Bridgette Cobbins—the Clerk of the Unified Government. Cobbins is the custodian of all official documents for the Unified Government and all documents filed with the Unified Government's Clerk's Office. In this affidavit, Cobbins stated that she had reviewed the notices of claims that had been filed between January 1, 2015, and April 5, 2017, and found no notice of any claim filed by Parisi.

Parisi argued that considering the affidavit was erroneous because in a motion to dismiss the district court should look to the facts contained within the complaint and accept them as true to determine if there is a valid claim. Parisi argued that his claim that all conditions precedent to filing the suit had been completed was sufficient to avoid dismissal. In Parisi's view, considering the affidavit would turn the motion to dismiss into a motion for summary judgment. Further, he asked the court to delay ruling on the motion until after discovery had been completed. Additionally, Parisi claimed that he alleged the firing was on July 8, 2015, and had sent a notice of claim to the County on April 11, 2017. Parisi requested that the district court stay its ruling on the motion to dismiss to allow him to file an amended complaint following a denial of his claim by the County.

5

In response to Parisi's reply, the defendants submitted a copy of Parisi's letter to County Administrator Bach.

The court dismissed Parisi's suit because it lacked subject matter jurisdiction. The court found that Parisi had not complied with the notice provision of K.S.A. 12-105b(d), and this failure deprived the court of subject matter jurisdiction.

In this appeal, Parisi contends the court erred when it ruled that it lacked subject matter jurisdiction. The court should have granted his request for discovery prior to dismissing the case. Finally, the court should have granted his request for a stay of the dismissal order so he could file an amended petition which would be within the court's jurisdiction. We will address the issues in that order.

*We find no error in dismissing some of Parisi's claims.*

We must first look at the procedure followed by the district court when it examined this issue. Parisi argues that the district court was limited to considering the allegations within the complaint. The defendants claim it is proper for a district court to consider information outside of the complaint when there is a factual challenge to the existence of subject matter jurisdiction for a claim.

Generally, the cases hold that when the district court determines a prediscovery motion to dismiss, it must look at the facts contained within the complaint, accept those facts as true, and determine if the plaintiff has a valid claim. See *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 676, 359 P.3d 33 (2015).

While Kansas courts have not addressed this exact question, our Supreme Court has addressed a substantially similar question concerning the consideration of information outside the pleadings when addressing a motion to dismiss for lack of

6

*personal* jurisdiction. *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 263-65, 275 P.3d 869 (2012). In *Aeroflex*, an out-of-state company challenged whether a Kansas district court had personal jurisdiction to hear a claim. The district court concluded that it did not have jurisdiction over the out-of-state company. In reaching this conclusion, the district court relied upon documents and affidavits outside of the facts contained within the complaint. Relying upon federal caselaw, our Supreme Court determined that it is permissible for a district court to consider facts outside of the pleadings when determining if personal jurisdiction exists. Our Supreme Court found the following principle applies to Kansas cases: "Before trial, the district court may determine the outcome based on the pleadings; '"on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."' [Citations omitted.]" 294 Kan. at 264-65.

That analysis is helpful in determining whether the district court erred here when it considered an affidavit outside of the pleadings to determine if subject matter jurisdiction existed. Like a determination of personal jurisdiction under K.S.A. 2017 Supp. 60-212(b)(2), the statutory authority for dismissing for lack of subject matter jurisdiction does not indicate whether the decision must be limited to the pleadings. See *Aeroflex*, 294 Kan. at 264. Under K.S.A. 2017 Supp. 60-212(d), when the district court determines a motion under K.S.A. 2017 Supp. 60-212(b)(6) or K.S.A. 2017 Supp. 60-212(c) and considers information outside of the pleadings, the motion is transformed into a motion for summary judgment.

But, as the *Aeroflex* ruling indicates, this does not hold true when the motion is based upon the district court's jurisdiction. 294 Kan. at. 264. Because the issue is not absolutely clear from our statutes, we turn to federal decisions concerning Rule 12 of the Federal Rules of Civil Procedure for guidance. See *Back-Wenzel v. Williams*, 279 Kan. 346, 349, 109 P.3d 1194 (2005).

7

Basically, the different federal circuit courts vary in their approach to the determination of a motion for a lack of subject matter jurisdiction under Rule 12(b)(1). While there is some slight variance, the circuit courts do agree that a district court has discretion to use facts outside of the pleadings to determine the existence of subject matter jurisdiction. The majority of federal courts make a distinction between a facial and a factual challenge to subject matter jurisdiction when determining a motion to dismiss for lack of subject matter jurisdiction. E.g., *GBForefront L.P. v Forefront Management Group, Inc.*, 888 F.3d 29, 35 (3d Cir. 2018); *Feldman v. Federal Deposit Insurance Corporation*, 879 F.3d 347, 351 (D.C. Cir. 2018); *Katz v. Donna Karan Company, L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017); *Laurens v. Volvo Cars of North America, LLC*, 868 F.3d 622, 624-25 (7th Cir. 2017); *Hartig Drug Company Inc. v. Sejun Pharmaceutical Co. Ltd.*, 836 F.3d 261, 268-69 (3d Cir. 2016); *Douglas v. United States*, 814 F.3d 1268, 1274-75 (11th Cir. 2016); *Adkisson v. Jacobs Engineering Group, Inc.*, 790 F.3d 641, 647 (6th Cir. 2015); *Paper, Allied-Industrial, Chemical and Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292-93 (10th Cir. 2005).

While the remaining circuit courts may not make the same distinction between a factual and facial challenge, they do permit the district court to look at facts outside of the pleadings when determining motions to dismiss for lack of subject matter jurisdiction. E.g., *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018); *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 654 (4th Cir. 2018) (Floyd, J., dissenting); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007);

Only when a party makes a facial challenge to subject matter jurisdiction are they challenging whether the complaint itself establishes subject matter jurisdiction. In these instances, the district court is limited to the pleadings and considers whether the well-pled facts establish subject matter jurisdiction. E.g., *Continental Carbon Co.*, 428 F.3d at 1292. When a party raises a factual challenge to subject matter jurisdiction, that party is

8

asserting that the facts themselves do not establish the existence of subject matter jurisdiction. In a factual challenge, the district court is permitted to make a factual determination about the existence of subject matter jurisdiction. E.g., *Forefront Management Group*, 888 F.3d at 35. In making that determination, the district courts can look to matters outside of the complaint itself. *Continental Carbon Co.*, 428 F.3d at 1292; see also *Schaeffler*, 889 F.3d at 242 (holding the district court may decide a question of subject matter jurisdiction based upon the complaint alone, the complaint supported by uncontested facts, or the complaint supported by disputed but resolved facts). The district courts are afforded wide discretion in determining what evidence to consider and the procedure to present that evidence. The district court may allow documentary evidence, allow limited discovery on the jurisdictional facts at issue, or hold an evidentiary hearing. See *Davis v. Anthony*, 886 F.3d 674, 677 (8th Cir. 2018); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

We find those cases persuasive. Here, the defendants raised a factual challenge to subject matter jurisdiction. K.S.A. 2017 Supp. 12-105b(d) requires a claimant to provide notice to a municipality when the claim could affect them under the Kansas Tort Claims Act, K.S.A. 75-6101 et seq. K.S.A. 2017 Supp. 12-105b(d) provides that no claim may be brought without first providing notice to the municipality. This notice gives the municipality an opportunity to resolve the dispute without litigation. See *Continental Western Ins. Co. v. Shultz*, 297 Kan. 769, 778, 304 P.3d 1239 (2013).

Noncompliance with the statute means subject matter jurisdiction does not exist over the claim, because compliance is a prerequisite to filing a claim. *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 854, 317 P.3d 782 (2014). Through the Cobbins affidavit, the defendants challenged whether this notice was actually provided. Thus, this is a factual challenge to whether there is subject matter jurisdiction.

9

Based upon this persuasive federal authority and our Supreme Court's holding in *Aeroflex*, we hold the district court is permitted to consider facts outside of the pleadings in making a determination of subject matter jurisdiction when there is a factual challenge to subject matter jurisdiction. Parisi is incorrect when he asserts that the consideration of additional evidence converts the motion to dismiss to a motion for summary judgment. See *Holt*, 46 F.3d at 1003. Under our statutory scheme, a motion to dismiss is converted to a motion for summary judgment when information outside of the pleadings is considered in deciding a motion to dismiss based upon K.S.A. 2017 Supp. 60-212(b)(6) or K.S.A. 2017 Supp. 60-212(c). See K.S.A. 2017 Supp. 60-212(d). When there is a factual challenge regarding jurisdiction, the motion to dismiss is not usually converted to a motion for summary judgment. The district court should have wide discretion to consider affidavits and other documentary evidence to determine the factual issue. E.g., *Davis*, 886 F.3d at 677; see *Aeroflex*, 294 Kan. at 265.

Because we are adopting the same principles used in *Aeroflex*, it is reasonable for us to adopt the same procedures used concerning the burden of persuasion and the degree of proof necessary. Because Parisi's petition was dismissed based upon the pleadings and an affidavit, Parisi had a burden to present a prima facie showing of subject matter jurisdiction with any factual discrepancies resolved in his favor. See *Aeroflex*, 294 Kan. at 268-70.

A brief review of the Kansas Tort Claims Act is helpful at this point. Under the Act, a person may bring an action against a municipality or governmental body for the torts of its employees when those employees are working in the course and scope of their employment. The governmental body is liable for those torts for which the employees would be personally liable. K.S.A. 2017 Supp. 75-6103(a).

Obviously, K.S.A. 2017 Supp. 12-105b(d) limits the district court's subject matter jurisdiction in cases involving the Kansas Tort Claims Act: "Any person having a claim

10

against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." Further, after notice has been filed, the claimant cannot commence an action until the municipality has denied the claim or has been deemed to have denied the claim. K.S.A. 12-105b(d). In *Sleeth*, our Supreme Court stated that the filing of notice and a subsequent denial of the claim by the municipality is necessary for the district court to gain subject matter jurisdiction over the claim. 298 Kan. at 854, 870-71.

Here, the defendants presented the Cobbins affidavit that stated the governing body did not receive the required notice. Parisi bears the burden of presenting a prima facie case that there is subject matter jurisdiction. This could have been accomplished through an affidavit or other documentary evidence. Any discrepancy between the defendants' documentary evidence and Parisi's documentary evidence must be resolved in Parisi's favor. See *Aeroflex*, 294 Kan. at 270.

Parisi came forward with no evidence. There is no affidavit or document in the record that shows Parisi substantially complied with the provisions of K.S.A. 2017 Supp. 12-105b(d). In arguments on the defendants' motion to dismiss, Parisi argued that the grievance procedure, which included a letter to County Administrator Bach and a grievance statement from Parisi complied with the notice requirement. We have access to the letter from Parisi to County Administrator Bach; however, Parisi did not present the grievance statement to the district court, and it is not the record on appeal.

The required content of the notice is set out in K.S.A. 2017 Supp. 12-105b(d):

"The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of

11

the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filling of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim."

The purpose of the provision is to provide the municipality the opportunity to resolve valid claims without litigation. *Continental Western*, 297 Kan. at 778. Strict compliance with the provisions is not required; however, the party must substantially comply with the provisions. Substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. [Citations omitted.]" *Sleeth*, 298 Kan. at 865. In enacting K.S.A. 12-105b(d) the Legislature had three primary objectives; (1) advise the municipality of the time and place of the injury; (2) allow the municipality to ascertain the character and extent of the injury; and (3) allow for the early investigation and resolution of claims. *Continental Western*, 297 Kan. at 778. Our review of whether the documents in the record constitute substantial compliance is a question of law subject to de novo review. *Sleeth*, 298 Kan. at 863.

From the evidence within the record, we cannot conclude that Parisi substantially complied with the notice requirement. We do not have access to the grievance statement to determine whether it could be construed to satisfy the substantial compliance requirement. The only evidence we have that could potentially be construed as substantial compliance is the letter to County Administrator Bach.

Viewing that letter in the light most favorable to Parisi, it fails to establish substantial compliance with the notice requirement. First, the notice must be served on either the clerk or governing body of the municipality. Parisi's letter was sent to a County Administrator. Parisi does not present any document or affidavit that Administrator Bach is either a clerk or part of the governing body of the municipality. Parisi claims that the

12

court in *Sleeth* held that it was permissible to serve notice upon a hospital administrator to invoke subject matter jurisdiction. *Sleeth* did not directly answer this question; rather, the court assumed for the sake of the analysis that notice to a hospital administrator met the requirement. 298 Kan. at 867.

Second, the content of the letter does not substantially comply with the notice requirements. Under *Sleeth*, a notice must have a claim for monetary damages to substantially comply with the notice provision of K.S.A. 12-105b(d). 298 Kan. at 866. Here, the letter provides some of the information required by the notice—i.e., the name and address of the plaintiff and some details about the event. However, the letter does not make any claim for monetary damages. Without such a claim, the letter does not substantially comply with the notice requirement of the statute. From the plain language of the letter, its purpose was to advance the grievance procedure with the goal of having a review board "reconsider the termination and re-instate Mr. Parisi." A letter seeking reinstatement is not the same as a notice of a claim for monetary damages. In the light most favorable to Parisi, this letter does not establish that he substantially complied with the notice provisions of K.S.A. 2017 Supp. 12-105b(d).

Because the defendants presented a valid challenge to the district court's subject matter jurisdiction, Parisi is required to come forward with some type of documentary or affidavit evidence that would support a prima facie showing that subject matter jurisdiction existed. Parisi did not come forward with the requisite evidence to overcome this minimal burden.

Finally, we are unpersuaded by Parisi's argument that the Cobbins affidavit only shows the clerk did not receive notice but it does not show that he did not provide notice to the governing body. First, the affidavit states that the clerk was the custodian for all documents of the Unified Government in addition to documents filed with the clerk's office. Thus, her statement indicates that neither the clerk nor the governing body

13

received notice of Parisi's claim. Second, this is an attempt to shift the burden of persuasion away from himself. Once there is a factual challenge to subject matter jurisdiction, the burden of persuasion is placed upon the plaintiff to establish a prima facie showing of subject matter jurisdiction. See *Aeroflex*, 294 Kan. at 274. Parisi needed to present some evidence to controvert the defendants' claim that subject matter jurisdiction did not exist, and he failed to do so.

At least for the claims against the Unified Government, the district court did not err in dismissing the case for a lack of subject matter jurisdiction. The Cobbins affidavit tends to show that Parisi did not substantially comply with the notice provision of K.S.A. 2017 Supp. 12-105b(d). But, having said that, there are additional considerations when we examine the question about the individuals.

*The Tort Claims Act now requires prior notice claims against public employees, as well.*

In *Whaley v. Sharp*, 301 Kan. 192, 343 P.3d 63 (2014), our Supreme Court interpreted K.S.A. 2013 Supp. 12-105b(d) prior to the 2015 amendments to the Act. Prior to the amendments, the statute read: "Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." K.S.A. 2013 Supp. 12-105b(d). The Supreme Court interpreted this language to unambiguously apply to only lawsuits against municipalities and not suits against government employees. 301 Kan. at 201-02. Failing to comply with the statute did not deprive the district court of jurisdiction over a lawsuit against a municipal employee for personal liability.

The Legislature reacted to *Whaley* by enacting the 2015 amendments. The Act now requires notice for any claim "against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act." L. 2015, ch. 28. § 2. By

14

adding this language, the Legislature required notice when the municipality could be vicariously liable for the actions of its employees due to the Kansas Tort Claims Act.

We hold that Parisi is incorrect in his assertion that the notice requirement only applies if the action is actually brought under the Kansas Tort Claims Act. In other words, notice is clearly required if the claim could give rise to an action under the Kansas Tort Claims Act. K.S.A. 2017 Supp. 12-105b(d). Essentially, notice is required for all instances in which liability could attach to the municipality and its employees. For the purpose of this appeal, the question of whether the claim could give rise to an action under the Kansas Tort Claims Act is a question of whether the police officers were working within or outside of the course and scope of their employment. This question combines a question of jurisdiction with a substantial question of the facts of the case.

When we look at caselaw from the federal courts, it appears that when a factual question of subject matter jurisdiction is intertwined with the merits of the case, it is not appropriate to make the determination prior to the facts being developed through an evidentiary hearing. See *Pringle v. United States*, 208 F.3d 1220, 1222-23 (10th Cir. 2000); see also *Land v. Dollar*, 330 U.S. 731, 735, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947) (indicating that the determination of subject matter jurisdiction should be deferred when that question is mixed with the merits of the claim). A factual question of jurisdiction is intertwined with the merits of the case when resolving the jurisdictional question requires resolving a question tied to the substantive claim. *Pringle*, 208 F.3d at 1223. When the jurisdiction determination is intertwined with a decision upon the merits, the motion is converted into a motion for summary judgment. *Holt*, 46 F.3d at 1003.

If the employees here were acting outside of the course and scope of their employment and acted wantonly and maliciously against Parisi, his claim would not give rise to a cause of action under the Kansas Tort Claims Act, thus no notice would be necessary. See K.S.A. 2017 Supp. 75-6103(a). In contrast, if the employees were acting

15

within the course and scope of their employment, the claim would give rise to an action under the Kansas Tort Claims Act, thus notice would be necessary. This determination means the jurisdictional question is intertwined with the merits of the case. Thus, the motion to dismiss as it pertains to the employees must be treated as a motion for summary judgment.

But the district court here was in no position to grant summary judgment on this claim. Summary judgment is appropriate when uncontested material facts show that the movant is entitled to judgment as a matter of law. K.S.A. 2017 Supp. 60-256(c)(2). Additionally, summary judgment is usually inappropriate prior to the completion of discovery. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). The facts here do not show that the employee defendants were entitled to judgment as a matter of law because there is not enough factual support to conclude that they either were or were not acting within the course and scope of their employment. The grant of dismissal against the employee defendants is reversed and the case is remanded for further proceedings.

*We find no error in the district court denying discovery prior to dismissing a case where it had no jurisdiction.*

Parisi contends that the district court abused its discretion in denying discovery prior to dismissing his claims for lack of subject matter jurisdiction. He argues that it was unreasonable to dismiss his claims prior to allowing him to conduct discovery on the issue of substantial compliance. We are not so persuaded.

Parisi compares his case to an unpublished case—*Merryfield v. Kansas Dept. for Aging & Disability Svcs.*, No. 116,392, 2017 WL 1105712 (Kan. App. 2017) (unpublished opinion). In *Merryfield*, the district court erred because it unilaterally dismissed a claim for lack of subject matter jurisdiction. The panel opined that the district

16

court should have obtained input from the parties prior to making its ruling, including permitting discovery. 2017 WL 1105712, at *2. Here, the case is different, because the basis for dismissing the case was the defendants' motion to dismiss for lack of subject matter jurisdiction that was supported by the Cobbins affidavit that tended to show Parisi did not provide sufficient notice of his claim. Parisi was given an opportunity to respond to the defendants' motion with documentation and affidavits that would support substantial compliance, but he did not do so. Without any additional information from Parisi, the district court made a reasonable determination to dismiss the case without discovery.

*We find no error in the court denying Parisi a stay order.*

Parisi argues the district court abused its discretion by not permitting him to file an amended petition to allege facts to establish subject matter jurisdiction. Parisi raises two arguments:

- The district court improperly required a fact pleading instead of a notice pleading; and
- the district court acted unreasonably by not allowing Parisi to amend the petition to include the notice of a claim provided to the Unified Government on April 11, 2017.

The decision to permit or deny a plaintiff the opportunity to amend a complaint is a discretionary action of the district court. *Smith v. Phillip Morris Companies*, 50 Kan. App. 2d 535, 586, 335 P.3d 644 (2014). We will only overturn the action of the district court if it abused its discretion. An abuse of discretion occurs when the district court acts unreasonably, makes an error of law, or makes an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). The party asserting an abuse of discretion bears the burden of proving the abuse of discretion. *ONEOK*, 296 Kan. at 935.

17

Parisi's first challenge—that the district court made an error of law by requiring a fact pleading instead of a notice pleading—is simply incorrect. The resolution of a factual challenge to the existence of subject matter jurisdiction can be resolved through a motion to dismiss. Requiring the plaintiff to make a prima facie showing of subject matter jurisdiction does not violate Kansas' notice pleading principles. We hold the procedure used by the district court here is a permissible way to resolve challenges under K.S.A. 2017 Supp. 60-212(b)(1). The district court did not abuse its discretion.

Next, Parisi argues the district court's action was unreasonable. Basically, he is saying that he provided proper notice of his claim on April 11, 2017, after he had filed his lawsuit, because it was given allegedly within the 2-year statute of limitations to bring the action. Thus, he should have been permitted to file an amended petition to preserve his claims.

He cites two cases to support his argument. Neither appear to be relevant. The first, *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149, 154-58, 848 P.2d 1000 (1993), involved a question of statutory interpretation as it applied to the extension of the statute of limitations when a notice is timely filed under K.S.A. 12-105b(d). The holding simply has no impact on a district court's decision to dismiss an action when that court determines that it lacks subject matter jurisdiction over the case because notice was not filed prior to the plaintiff initiating the action.

Next, he relies on *J.P. Asset Co. v. City of Wichita*, 31 Kan. App. 2d 650, 70 P.3d 711 (2003), in support of his position. First, the holding in *J.P. Asset Co.* was disapproved by our Supreme Court in *Cummings v. City of Lakin*, 276 Kan. 858, 864-65, 80 P.3d 356 (2003), so the case is of minimal persuasive value. Second, and more important, the initial suit in *J.P. Asset Co.* was filed under a contract theory. After filing the suit for breach of contract, the plaintiff sent a notice of claim under a tort theory to the

18

municipality. After the municipality denied the tort claim, the plaintiff amended its petition. Because the first suit was based upon a contract theory, there was no need for notice to be given under K.S.A. 12-105b(d). Clearly, this case is substantially different because Parisi's initial filing was under a tort theory that required notice under K.S.A. 2017 Supp. 12-105b(d) for the district court to have subject matter jurisdiction. See *Sleeth*, 298 Kan. at 854.

Even if Parisi is correct in his contention that the statute of limitations had not expired prior to the notice he provided on April 11, 2017, the district court's action was not unreasonable. When a court lacks subject matter jurisdiction the proper remedy is dismissing the suit. Our code of civil procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." K.S.A. 2017 Supp. 60-212(h)(3). The use of the word "must" makes dismissal mandatory upon a determination that subject matter jurisdiction is lacking. A district court following the Legislature's requirement to dismiss a case for lack of subject matter jurisdiction is not an unreasonable decision. Filing notice with the municipality under K.S.A. 2017 Supp. 12-105b(d) is a prerequisite to filing a tort claim against a municipality. Because Parisi did not substantially comply with the notice requirement, the district court did not have subject matter jurisdiction and was required to dismiss his suit.

Parisi has failed to show that the district court abused its discretion on this point.

We affirm the district court's grant of summary judgment in favor of the Unified Government. As to Parisi's claims against the individual employees, we reverse and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

19